**UNITED STATES of America, Appellee,**

**v.**

**Charles Lester VANNESS, Appellant.**

**No. 95–3083.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 28, 1996.

Decided June 7, 1996.

---

L. Barrett Boss, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was A.J. Kramer, Federal Public Defender.

Geoffrey G. Bestor, Assistant United States Attorney, argued the cause for appellee. With him on the brief were Eric H. Holder, Jr., United States Attorney, John R. Fisher, Thomas J. Tourish, Jr., and Edward G. Burley, Assistant United States Attorneys.

Before: SILBERMAN, RANDOLPH, and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

Opinion concurring in part and concurring in the judgment filed by Circuit Judge TATEL.

RANDOLPH, Circuit Judge:

This appeal from a criminal conviction raises two issues, the first concerning the legality of a search pursuant to a warrant, the second concerning the sentence.

As to the search, the dispute goes to the sufficiency of the detective's affidavit, which convinced a judge of the Superior Court of the District of Columbia to issue the warrant. The three-page, single-spaced, typed affidavit reported that during the preceding months, three independent informants told the police that an individual was selling crack cocaine from a basement apartment at 513 Florida Avenue. The information from two of the informants was at least two months old; the third report came within 24 hours of the detective's signing his affidavit, from an individual who personally knew the target and said that he usually carried narcotics on his person. The detective's affidavit recounted that, as undercover agents accompanied by the third informant approached the apartment to make a controlled buy, the informant identified the target—Vanness—as he was driving away. Police stopped Vanness's car and asked him to step out, at which point someone—Vanness, according to the passenger—threw two pouches containing 31 packets of a rock-like substance out of the passenger window. The material field-tested

positive for cocaine and the police arrested Vanness. The police also connected Vanness to the apartment by establishing that his mother was there. The affidavit recited Vanness's two prior felony convictions in drug prosecutions and the experience of the detective, and other police officers, that narcotics merchants frequently maintain drug paraphernalia, records and weapons on the premises where they distribute drugs.

The ensuing search of the apartment yielded 51 grams of crack cocaine, about $500 in cash, two scales, ziplock bags suitable for packaging crack cocaine, and an Intratech Tec-9 pistol. The police also found personal papers and clothing belonging to Vanness, photographs of him, and his fingerprints.

■ Vanness's claim is that the sentence in the affidavit—"The target was observed to throw out of the passenger window two pouches."—constituted a material misrepresentation requiring, under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), suppression of the evidence recovered in the search. Read in isolation, the sentence was strictly true: someone—the passenger, it turns out—did indeed observe Vanness throwing drugs out of the car. Yet we have no doubt the judge issuing the warrant had the misimpression that the someone was a police officer. The affidavit's immediately preceding sentence stated: "The target was approached and asked to step from the vehicle." This must have referred to police officers. And so, when the next sentence reported what someone observed during the stop, one would naturally assume the observer was also a police officer. No other candidates appear. The affidavit does not even mention that Vanness had a passenger.

Still, the district court rightly refused to exclude the evidence. If we treated the contested statement as untrue, the warrant would nevertheless stand unless the detective deliberately falsified the affidavit, or inserted the statement in reckless disregard of its truth. *Franks,* 438 U.S. at 156, 98 S.Ct. at 2676–77; *United States v. Warren,* 42 F.3d 647, 653 (D.C.Cir.1994). The district court heard the detective's testimony at the suppression hearing and found that he had not phrased the sentence in order to mislead.

This finding was not clearly erroneous. Vanness introduced no evidence that the detective meant to hide the truth. The district court thought the detective testified truthfully. And there is no reason to suppose the detective omitted the detail about the passenger in reckless disregard of the truth. *See United States v. Jacobs,* 986 F.2d 1231, 1235 (8th Cir.1993). The presence of probable cause did not turn on whether the police or a passenger saw Vanness toss the drugs. The remaining information in the warrant still would have established probable cause to search Vanness's apartment. *See Franks,* 438 U.S. at 171–72, 98 S.Ct. at 2684–85. Vanness was driving the car and transporting drugs. *See United States v. Thomas,* 989 F.2d 1252, 1254–55 (D.C.Cir.1993). Three individuals had reported his drug dealing, one as recently as the day before the detective signed the affidavit. The tips were mutually reinforcing. *United States v. Laws,* 808 F.2d 92, 103 (D.C.Cir.1986). And Vanness's criminal record indicated that he engaged in this illegal business. *Id.* In light of this and other information in the affidavit, the judge who issued the warrant had a "substantial basis for concluding that probable cause existed." *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). There is thus no reason for us to reach the exception laid down in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), for officers who rely in good faith on invalid search warrants. The warrant here was valid.

This brings us to the sentencing issue. Vanness stands convicted of possessing with intent to distribute more than 50 grams of cocaine base (21 U.S.C. § 841(a)(1), (b)(1)(A)(iii)) and possessing with intent to distribute cocaine base within 1000 feet of a school (21 U.S.C. § 860(a)). The district court sentenced him to a mandatory term of life in prison without parole, a sentence Vanness claims the court had no jurisdiction to impose. His reasoning is as follows. Vanness was subject to an enhanced mandatory minimum term of life in prison because of his two prior felony drug convictions. 21 U.S.C. § 841(b)(1)(A). A judge may not impose an enhanced penalty unless before trial—or before a guilty plea—the prosecutor files an information stating in writing the previous convictions forming the basis for the enhancement. 21 U.S.C. § 851(a)(1).[1] Vanness adds that § 851(a)(1) demands strict adherence and that a prosecutor's failure to comply cannot be treated as harmless.[2]

In Vanness's case, the government filed an information before trial accurately setting forth his prior drug convictions. But the government inaccurately stated in the document that Vanness was subject to a minimum term of ten years in prison. This mistake, Vanness argues, deprived him of the notice § 851(a)(1) required and, therefore, deprived the court of authority to sentence him to a mandatory life term. The problem for Vanness is that § 851(a)(1) does not entitle him to the sort of notice he has in mind. The statute does not burden the government with the duty of advising defendants of sentencing consequences. To accept Vanness's position would be to demand strict compliance with something about which § 851(a)(1) is silent. Section 851 gives defendants a chance to contest the accuracy of the government's recital of their prior convictions. *See* 21 U.S.C. §§ 851(b)–(e). No doubt compliance with § 851(a)(1) also alerts defendants

---

1. 21 U.S.C. § 851(a)(1):

   No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

2. Several courts have described § 851(a)(1) as a "jurisdictional" requirement. *Suveges v. United States,* 7 F.3d 6, 10 (1st Cir.1993); *United States v. Belanger,* 970 F.2d 416, 418 (7th Cir.1992); *United States v. Wright,* 932 F.2d 868, 882 (10th Cir.), *cert. denied,* 502 U.S. 962, 112 S.Ct. 428, 116 L.Ed.2d 448 *and* 502 U.S. 972, 112 S.Ct. 450, 116 L.Ed.2d 467 (1991); *United States v. Olson,* 716 F.2d 850, 852–53 (11th Cir.1983). "Jurisdiction" is a word of many, too many, meanings. We prefer to put the matter in different terms. A prosecutor's compliance with § 851(a)(1) is simply a necessary condition to a judge's imposing an enhanced sentence on the basis of a defendant's prior convictions.

to their potential punishment before trial. *United States v. Jordan,* 810 F.2d 262, 269 (D.C.Cir.), *cert. denied,* 481 U.S. 1032, 107 S.Ct. 1963, 95 L.Ed.2d 535 (1987). But Congress sought to accomplish these ends by requiring the government to file an information setting forth the defendant's previous convictions, not by requiring the government to notify the defendant of the legal consequences of those convictions. Here the government did all § 851(a)(1) demanded of it; its gratuitous misstatement about the minimum sentence was a harmless error. Vanness claims no prejudice from the inaccuracy. There is no indication that he relied on it in deciding whether to put the government to its proof at trial, and there is every indication that he knew what was coming at sentencing. His lawyer twice declared that the court's hands were tied and that there was nothing he could say to change the sentence. And neither Vanness nor his lawyer expressed any surprise or protest when the court then pronounced sentence. *See United States v. Lyons,* 53 F.3d 1321, 1323 (D.C.Cir.1995).

*Affirmed.*

TATEL, Circuit Judge, concurring in part and concurring in the judgment:

I join the judgment of the court, the portion of the court's opinion rejecting Vanness's sentencing challenge, and the portion of the court's opinion concluding that the district court did not commit clear error in finding that the detective on whose affidavit the search warrant was based did not knowingly or recklessly include a false statement in his affidavit. Because we can easily uphold this finding, I see no need to address Vanness's many challenges to the finding of probable cause supporting the search warrant. As Vanness concedes in his brief, under *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), whether there was probable cause to issue a warrant is irrelevant if the officers conducting a search reasonably relied in good faith on a warrant issued by a detached and neutral magistrate, *see id.* at 913, unless the affidavit on which the warrant was based included a material statement "that the affiant knew was false or would have known was false except for his

reckless disregard of the truth," *id.* at 923 (citing *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)); *accord United States v. Richardson,* 861 F.2d 291, 294 (D.C.Cir.1988) ("[E]ven if the inaccurate statement in the affidavit was material to the issue of probable cause, the evidence uncovered during the search was admissible because the affidavit was made in good faith, the warrant was issued by a detached and neutral magistrate, and the warrant was reasonably relied on in good faith by the police officers."), *cert. denied,* 489 U.S. 1058, 109 S.Ct. 1325, 103 L.Ed.2d 593 (1989). Vanness has not argued that the magistrate who issued the warrant was not neutral and detached or that the officers conducting the search were not acting reasonably and in good faith. The court's upholding of the district court's determination that the affiant did not act in bad faith is therefore sufficient to justify affirmance of Vanness's conviction.