# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 16, 2009          Decided July 30, 2010

No. 07-3145

UNITED STATES OF AMERICA,
APPELLEE

v.

REGINALD BAUGHAM,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 01cr00253-02)

*Marshall N. Perkins* argued the cause for appellant. With him on the briefs was *Steven J. McCool*, appointed by the court.

*Ryan W. Bounds*, Assistant U.S. Attorney, argued the cause for appellee. On the brief were *Roy W. McLeese III* and *John P. Gidez*, Assistant U.S. Attorneys.

Before: HENDERSON, ROGERS, and BROWN, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

Opinion concurring in the judgment filed by *Circuit Judge* BROWN.

PER CURIAM: Reginald Baugham, convicted in the district court of various federal drug and conspiracy offenses, challenges his sentence and asks this court to vacate and remand for resentencing. He argues the district court failed to observe the requirements of 21 U.S.C. § 851(a) and (b) when it enhanced his sentence based on a prior drug conviction and that it levied a vindictive fine on him in violation of his constitutional due process rights. We find the district court committed no error that requires resentencing and affirm both Baugham's prison term and fine.

I

Together with four co-defendants, Reginald Baugham was tried in 2003 for a number of drug and conspiracy charges. He was ultimately convicted on three counts: conspiracy to distribute crack cocaine, 21 U.S.C. § 846; distribution of crack, *id.* § 841(a) & 841(b)(1)(C); and possession of crack with intent to distribute, *id.* § 841(a)(1) & 841(b)(1)(B)(iii). J.A. 127. Prior to trial, the government filed with the district court and served upon Baugham pursuant to 21 U.S.C. § 851(a) an information listing three prior convictions in Baugham's criminal record. J.A. 95. Filing such an information is a prerequisite under § 851(a) for any sentence to be enhanced based on prior convictions. This particular information, however, incorrectly inserted the name of one of Baugham's co-defendants rather than Baugham himself as the subject of the prior convictions. All other elements of the information—the case heading reading "United States of America v. Reginald Baugham," the case number, and details of the prior convictions—were correct. *Id.*

Relying on the prior drug conviction listed in the information and without either the government or Baugham drawing attention to the misstated name, the district court announced an enhanced sentence of life in prison, two 30-year sentences to run concurrently with the life sentence, ten years of supervised release, and a special assessment of $300. *Id.* at 128–32. Prior to announcing the sentence, the district court did not—as is required by 21 U.S.C. § 851(b)—inquire of Baugham whether he affirmed or denied the prior convictions or notify him that failure to challenge the convictions would preclude him from raising such challenges after sentencing. *See* Brief for Appellee 15. On direct appeal, this court affirmed Baugham's convictions but remanded for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Baugham*, 449 F.3d 167, 183–84 (D.C. Cir. 2006). At resentencing, the district court again relied on the § 851(a) information with no one identifying its misstatement and again failed to conduct a § 851(b) colloquy with Baugham. The court imposed an enhanced sentence of three concurrent 20-year sentences and a fine of $1,000 to be paid gradually through a prison work program. J.A. 173–75, 177–78.

Baugham appealed the newer sentence under 28 U.S.C. § 1291, arguing the district court violated 21 U.S.C. § 851(a) and (b) in its issuance of the sentence and that the $1,000 fine is unconstitutionally vindictive. Because Baugham failed to preserve his § 851(a) and vindictive sentence claims before the district court, we review those claims for plain error. *See United States v. Olano*, 507 U.S. 725, 731–32 (1993); *United States v. Scott*, 48 F.3d 1389, 1398 (5th Cir. 1995). Even though Baugham also failed to preserve his § 851(b) claim, for reasons explained in section II.B, we review that claim *de novo* and for harmless error. *See United States v. Gaviria*, 116 F.3d 1498, 1518 (D.C. Cir. 1997).

II

Baugham's appeal presents three arguments. First, he claims the inclusion of a co-defendant's name in the body of the pre-trial information instead of his own rendered the information invalid under § 851(a) and the district court's reliance on the information to enhance his sentence was therefore error. Second, Baugham claims the district court erred when it failed to conduct the sentencing colloquy required by § 851(b). Third, he claims the district court's imposition of a $1,000 fine at resentencing demonstrates a vindictive and unconstitutional effort to "punish[] [Baugham] for vindicating his legitimate appellate rights." Brief for Appellant 23. We consider each claim in order.

A

The portion of § 851(a) relevant to Baugham's first claim reads:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). In *United States v. Vanness*, we held that "[a] prosecutor's compliance with § 851(a)(1) is simply a necessary condition to a judge's imposing an enhanced sentence on the basis of a defendant's prior convictions." 85 F.3d 661, 663 n.2 (D.C. Cir. 1996). Similarly, in *United States v.*

*Kennedy*, we held that "[s]ection 851(a) is a firm and strict rule" and that a failure to comply with its "statutory scheme" may not be excused as harmless. 133 F.3d 53, 59 (D.C. Cir. 1998) (quoting *United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir. 1990)). Hence, our caselaw makes clear that a prosecutor must strictly comply with § 851(a) in order for the court to impose a sentence enhancement based on a defendant's prior conviction; it recognizes the statute's due process purpose, which is to ensure the defendant is aware before trial that he faces possible sentence enhancement as he assesses his legal options and to afford him a chance to contest allegations of prior convictions. *See Kennedy*, 133 F.3d at 59; *Vanness*, 85 F.3d at 663-64.

Our caselaw also makes clear, however, that to comply with § 851(a) the information need not be perfect with respect to every jot and tittle. In *Vanness*, the prosecutor filed an information that misstated the minimum prison term the defendant faced. 85 F.3d at 663. We nevertheless affirmed the enhanced sentence, holding that, because § 851(a) does not require the prosecutor to notify the defendant of the minimum sentence, the prosecutor's mistake was merely a "gratuitous misstatement" that did not amount to a failure to comply with the statute. *Id.* at 664. Indeed, the text of § 851(a) makes clear that, in order to comply with it, the prosecutor need only (1) file with the court and (2) serve on the defendant (3) an information stating "the previous convictions to be relied upon" (4) before trial or a guilty plea. Here, it is undisputed that the prosecutor filed and served in a timely manner an information detailing Baugham's prior convictions. Thus, the prosecutor strictly complied with § 851(a)'s requirements.

The question then becomes: Given that the prosecutor satisfied the "necessary condition" that he comply with § 851(a), *Id.* at 663 n.2, under what standard should we review the

mistake regarding the defendant's name? Baugham did not object to the mistake in the district court. Ordinarily, "[w]hen a defendant does not timely object to an error in the district court, appellate review is limited by the 'plain error' standard." *United States v. Simpson*, 430 F.3d 1177, 1183 (D.C. Cir. 2005). Our caselaw has not, it appears, expressly applied plain error to an alleged defect in a § 851(a) information. Also, in *Vanness*, we applied de novo and harmless error review to the "gratuitous misstatement," even though we did not make clear whether the defendant had timely objected in the district court. *See* 85 F.3d at 664.

We need not resolve the standard-of-review question, however, because Baugham has failed to show prejudice, which is required under either standard. At no point has he asserted that the misstated name in the information caused him any hardship or confusion. To the contrary, his lawyer acknowledged, both in his Memorandum in Aid of Sentencing and at the resentencing hearing, that the information regarded Baugham and affected his prospective sentence. In other words, here, as in *Vanness*, "[t]here is no indication that [the defendant] relied on [the misstatement] in deciding whether to put the government to its proof at trial, and there is every indication that he knew what was coming at sentencing." *Id.* Therefore, the misstatement did not prejudice Baugham and his appeal on this ground fails.

## B

We turn to Baugham's claim that the district court violated § 851(b), which requires:

> [T]he court shall after conviction but before pronouncement of the sentence inquire of the [defendant] whether he affirms or denies that he

> has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence. 21 U.S.C. § 851(b).

Although Baugham did not preserve this claim and courts are generally obligated to review unpreserved claims under the strict plain error standard, we follow prior caselaw in this circuit and review the challenge *de novo* and for harmlessness. *See Gaviria*, 116 F.3d at 1518. The rule regarding preservation and plain error aims to prevent parties from wasting judicial resources by holding possible trial errors in reserve in hopes of raising them on appeal. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 256 (1981) (indicating that the plain error standard advances "interests in fair and effective trial administration"). That logic, however, does not apply to § 851(b) errors. The purpose of § 851(b) is to place the procedural onus on the district court to ensure defendants are fully aware of their rights. *See United States v. Cevallos*, 538 F.2d 1122, 1128 (5th Cir. 1976) ("One purpose of § 851(b) is to [e]nsure that a defendant knowingly and voluntarily waives his right to challenge the previous conviction . . . . [A]nd its omission can result in very real prejudice to a defendant who learns only after he attempts to challenge the prior conviction that that conviction has become unassailable."). To penalize a defendant for not alerting the district court to its failure to alert him would pervert the statute and get it exactly backward. We therefore conduct this inquiry *de novo*.

Under that standard, it is clear the district court erred by not conducting the required colloquy, and the government concedes as much. Brief for Appellee 15–16. The question then is whether the government has carried its burden to demonstrate

the error did not substantially harm Baugham by affecting his sentence. We believe the government has. The government correctly points out that even if the district court asked Baugham whether he affirmed or denied the prior convictions, he could not have raised any issues regarding the convictions. Baugham has not indicated at any point—before trial, during trial, at sentencing and resentencing, and now on appeal—that the drug conviction on which his sentence enhancement depends was invalid in any way. His counsel at sentencing even conceded that he could not "find anyway around" the sentence enhancement and requested the same 20-year sentence the district court ultimately imposed. J.A. 159, 161–62. Further, even if the drug conviction were invalid, no challenge can be made to a prior conviction that is more than five years old. *See* 21 U.S.C. § 851(e). Baugham's prior conviction occurred in 1996, J.A. 95, and was already more than five years old at the start of his trial.

The only irregularity Baugham could have possibly raised relates to the pretrial information's erroneous use of a co-defendant's name. The government correctly notes that nowhere in the record or in his brief does Baugham claim any prejudice from the inaccuracy, and there is no indication he was confused by it or relied on it to his detriment when formulating his pre-trial strategy. While the district court erred in neglecting the § 851(b) colloquy, the error was harmless.

## C

In his final claim, Baugham argues the $1,000 fine in his new sentence creates a "presumption of vindictiveness" on the part of the district court since the court did not impose a fine in the original sentence. Brief for Appellant 23. Baugham cites *North Carolina v. Pearce*, 395 U.S. 711 (1969), for the proposition that when a court imposes a harsher sentence upon

resentencing and "offer[s no] reason or justification for [the higher] sentence beyond the naked power to impose it," *id.* at 726, an appellate court should presume the sentencing court was unconstitutionally punishing the defendant for exercising his right to challenge his original sentence.

This claim has no merit. We put aside the abstruse question of whether a 20-year sentence and a $1,000 fine is in fact a more severe sentence than life in prison with no fine, though we imagine few would opt for the latter if given the choice. We also put aside more recent Supreme Court caselaw that has pared back the sweeping presumption established by *Pearce* and likely renders the presumption inapplicable to Baugham's resentencing. *See Alabama v. Smith*, 490 U.S. 794, 799 (1989) ("[The presumption applies in] circumstances . . . in which there is a 'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness . . . . [Otherwise] the burden remains upon the defendant to prove actual vindictiveness."). We rather turn our attention to the simple fact that the district court at resentencing explained Baugham's modest fine as "an incentive to work while in prison," J.A. 175, which would better prepare him to be "a law-abiding citizen" upon release, *id.* at 174. This reason does not exhibit vindictiveness. Instead, it shows a justified concern with rehabilitating Baugham in light of a new sentence that gave him an actual prospect of full freedom. By enunciating a valid reason for the fine, the district court clearly did not rely on mere "naked power" to increase Baugham's punishment, and that is enough to remove the new sentence from the *Pearce* presumption.

10

III

Baugham has presented no error by the district court that requires remand for resentencing. Baugham's sentence is therefore

*Affirmed.*

BROWN, *Circuit Judge*, concurring in the judgment:  I arrive at the same result the court does in this case, but my path to it differs in three respects.

First, I would apply a plain error standard—not *de novo* review—to Baugham's claim that the information of prior convictions accepted by the district court did not comply with 21 U.S.C. §851(a).  The court refrains from articulating the particular standard, pointing out that prior cases in this circuit do not appear to apply plain error to such challenges.  Those cases, however, either leave unsaid which standard they are applying, do not explain whether appellants preserved their challenges before the district court, or even imply the challenge was preserved, *see United States v. Kennedy*, 133 F.3d 53, 59–60 (D.C. Cir. 1998) (discussing the district court's findings on the relevant issue).  In the absence of a firm statement that plain error review is never applicable to § 851(a) challenges, I do not think this is an open question.  The default rule followed by courts is that unpreserved errors are subject to procedural default and plain error review, *see United States v. Olano*, 507 U.S. 725, 731 (1993), and, generally, only errors that implicate a jurisdictional issue escape the rule.  *See United States v. Cotton*, 535 U.S. 625, 630–31 (2002) ("Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."); *United States v. Mezzanatto*, 513 U.S. 196, 200–01 (1995) (waiver of statutory provisions is presumptively available).  If this court had meant in the past to designate § 851(a) as jurisdictional, it should have said so.

The second point on which I differ is I would reject Baugham's § 851(a) challenge under plain error review because he forfeited that challenge at the sentencing stage.  The court cites circuit precedent obligating the government to strictly comply with § 851(a), but we have only applied that strict compliance rule to the section's procedural requirements: those concerning filing, service, and timeliness.

*See Kennedy*, 133 F.3d at 59 (holding that § 851(a) requires government to comply with service rules); *see also United States v. Belanger*, 970 F.2d 416, 418 (7th Cir. 1992), *overruled on separate grounds by United States v. Ceballos*, 302 F.3d 679 (7th Cir. 2002) ("Strict compliance with the mandatory language of the procedural requirements of § 851 is required, especially with respect to the timing of the government's filing with the court and serving on the defendant a notice.").[1] We have not applied the strict rule to § 851(a)'s more elastic requirements for the substantive contents of the information. The statute allows for correction of clerical errors any time prior to the pronouncement of the sentence. *See* 21 U.S.C. § 851(a)(1) ("Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."). Further, the statute indicates that responsibility for the accuracy of the information is not the government's alone, but is in fact shared with the defendant in a burden-shifting scheme once the defendant receives the information. After the government timely files an information, the defendant is required to make any challenges to the prior convictions in writing to the government and the court, which will then hold a hearing if any challenge raises an issue that would except the defendant from sentence enhancement. *See id.* § 851(c)(1) ("If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. . . . The court shall hold a hearing to determine any issues . . . which would except the person from increased punishment."). The

---

[1] This strict compliance rule is premised on a due process interest: § 851(a)'s procedural requirements ensure the defendant is aware of possible sentence enhancement as he assesses his legal options and afford him a chance to contest allegations of prior convictions. *See Kennedy*, 133 F.3d at 59.

defendant must do this or risk forfeiting all challenges to the contents of the information once a sentence is imposed. *See id.* § 851(b) ("[A]ny challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."); *United States v. Beasley*, 495 F.3d 142, 146, 148 (4th Cir. 2007) ("21 U.S.C. § 851 is not jurisdictional and therefore is subject to the usual rules of procedural default. . . . Moreover, the requirements of § 851 can be waived by defendants.").

Applying § 851's scheme to Baugham's case, it is clear the government filed and served a timely information detailing Baugham's prior convictions and therefore met the strict and mandatory procedural requirement of § 851(a). Regarding the information's substantive compliance, it contained the latent error regarding Baugham's name. But because neither Baugham nor his counsel contested this error prior to trial, during the trial, or during two sentencing proceedings pursuant to his duties under § 851, he forfeited his challenge to it, precluding any *legal* error on the part of the district court when it accepted and relied on the information. The resulting enhanced sentence is therefore impervious to attack on this point.

My third comment is not really a disagreement with the court, but a belief that one of its determinations would benefit from more explanation. I, too, would apply a *de novo* standard to Baugham's § 851(b) claim regarding the district court's failure to grant him a proper colloquy at sentencing and resentencing even though Baugham failed to preserve this error. Our prior caselaw appears to require this, *see United States v. Gaviria*, 116 F.3d 1498, 1518 (D.C. Cir. 1997 (per curiam) ("Legal questions relating to sentencing are reviewed *de novo*."), a requirement that—as already discussed—is in tension with the general rule that all errors are subject to

procedural default. It is therefore worth explaining this different treatment of § 851(b).

The procedural default rule, with its scheme of preservation and plain error review, aims to prevent parties from wasting judicial resources by eliminating the incentive to hold possible trial errors in reserve in hopes of raising them on appeal. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 256 (1981) (indicating that the plain error standard advances "interests in fair and effective trial administration"). That logic, however, does not apply to § 851(b) errors. The purpose of § 851(b) is to place the procedural onus on the district court to ensure defendants are fully aware of their rights. *See United States v. Cevallos*, 538 F.2d 1122, 1128 (5th Cir. 1976) ("One purpose of § 851(b) is to [e]nsure that a defendant knowingly and voluntarily waives his right to challenge the previous conviction . . . . [A]nd its omission can result in very real prejudice to a defendant who learns only after he attempts to challenge the prior conviction that that conviction has become unassailable."). To penalize a defendant for not alerting the district court to its failure to alert him would pervert the statute and get it exactly backward.

I recognize that Supreme Court caselaw appears to mandate plain error review for *all* unpreserved challenges, even when doing so would put the Federal Rules of Criminal Procedure and the U.S. Code at cross purposes. *See Olano*, 507 U.S. at 731 ("Federal Rule of Criminal Procedure 52(b), which governs on appeal from criminal proceedings, provides a court of appeals a limited power to correct errors that were forfeited because not timely raised in district court."). However, our *de novo* and harmlessness review in this case ultimately results in affirmance of Baugham's sentence, the same outcome that would *a fortiori* result from a plain error

inquiry.  I therefore think that applying *de novo* review here serves to highlight a possible flaw in the federal standard of review doctrine, comfortable in the knowledge that the case does not turn on this question.