**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4159**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

WARREN EDWARD FORNEY,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:08-cr-00107-MR-3)

———————————

Submitted:  June 29, 2011         Decided:  August 4, 2011

———————————

Before GREGORY and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Reita P. Pendry, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warren Edward Forney pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute at least fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Forney to 180 months in prison followed by five years of supervised release and levied a $100 special assessment.

On appeal, Forney's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she states that she could find no meritorious issues for appeal. In her Anders brief, counsel calls four issues to our attention. Forney was then appointed new counsel, who, with leave, filed a supplemental brief setting forth two additional issues. Forney himself then filed a pro se supplemental brief outlining six issues for our review. The Government elected not to file a response. Our appraisal of the issues brought before us, as well as the record as a whole, discloses no meritorious claims to relief. We therefore affirm.

Several of Forney's claims were broadly stated without specific support in the facts or in the record. These claims merit only passing mention. Our review of the record leads us to conclude that the district court complied with Federal Rule of Criminal Procedure 11 in accepting Forney's plea, which was

2

knowing and voluntary. We have located no conclusive instances of ineffective assistance of counsel cognizable on direct review. Likewise, we have found no prosecutorial misconduct or breach of the plea agreement on the part of the Government. The record squarely rebuts Forney's claim that the district court denied him an opportunity to allocute. Forney's claims with an arguable basis in fact or in law are addressed below.

This court reviews a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range or failing to consider the 18 U.S.C. § 3553(a) (2006) factors. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We shall presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Forney alleges that the district court improperly assigned him a three offense level enhancement for his managerial role in the offense under the U.S. Sentencing Guidelines Manual § 3B1.1(b) (2008). In assessing whether a

3

sentencing court properly applied the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Chacon, 533 F.3d 250, 253 (4th Cir. 2008). Based on the factual information in the presentence investigation report, which by the parties' stipulation formed the factual basis for Forney's conviction, we find that the managerial enhancement was warranted. The evidence before the court supported a finding that Forney had at least five drug dealers working below him. Thus, Forney's claim that the court improperly calculated his offense level lacks merit.

Forney also challenges the Government's failure to file an amended 21 U.S.C. § 851 (2006) information after the parties agreed that one of the two notices of Forney's prior felony drug convictions would be withdrawn. The parties reflected their agreement by an addendum to the plea agreement, but the actual § 851 information was never revised. Forney does not dispute that the district court properly considered only one previous conviction in fixing his sentence. Rather, Forney claims that he was prejudiced because he lacked notice as to which conviction the Government withdrew. Forney, however, does not claim that either of the previous convictions are invalid. Given his notice of the two previous convictions set forth in

the Government's original § 851 information, we do not find that Forney suffered any prejudice.

Our review of the record did reveal a failure by the district court to inquire of Forney as to whether he affirmed or denied his previous felony drug convictions as required by 21 U.S.C. § 851(b). Even if properly questioned, however, Forney would have been unable to challenge the validity of his previous convictions because the convictions occurred more than five years before the filing of the information. 21 U.S.C. § 851(e). The district court's error was, therefore, harmless. See United States v. Henderson, 613 F.3d 1177, 1185 (8th Cir. 2010) (finding district court's failure to inquire about convictions that were more than five years old to be harmless error), cert. denied, 131 S. Ct. 2151 (2011); United States v. Baugham, 613 F.3d 291, 296 (D.C. Cir. 2010) (same), cert. denied, 131 S. Ct. 1510 (2011); United States v. Hill, 142 F.3d 305, 313 (6th Cir. 1998) (same); United States v. Nanez, 694 F.2d 405, 413 (5th Cir. 1982) ("Neither the enhancement statute nor reason requires a trial court to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information.").

Forney seeks resentencing under the provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, claiming it

may be applied retroactively.[*]  We recently foreclosed this argument for offenders, like Forney, who were sentenced before the effective date of the Act.  United States v. Bullard, ___ F.3d ___, No. 09-5214, 2011 WL 1718894 at *9-11 (4th Cir. May 6, 2011) ("We agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such intent be inferred from its language.").

Forney similarly points to a post-sentencing amendment to the Guidelines as a basis for vacation of his sentence.  "In general, a sentencing court is obliged to 'use the Guidelines Manual in effect on the date that the defendant is sentenced.'" United States v. Rooks, 596 F.3d 204, 213 (4th Cir.) (quoting USSG § 1B1.11(a)), cert. denied, 131 S. Ct. 148 (2010).  We do not find that amendment 742, the elimination of the recency enhancement from § USSG § 4A1.1(e), was meant to apply retroactively.  Therefore, no resentencing is warranted.

---

[*] We acknowledge the Attorney General's recent decision with respect to the Fair Sentencing Act (FSA), conceding that the FSA is retroactively applicable to all cases where the sentencing occurred after August 3, 2010, even when the offense conduct, and the conviction occurred prior to August 3, 2010.

Mr. Forney's sentence occurred on January 22, 2010, and thus, the Attorney General's decision is not applicable in this case.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Forney's conviction and sentence. This court requires that counsel inform Forney, in writing, of the right to petition the Supreme Court of the United States for further review. If Forney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Forney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>