# IN THE SUPREME COURT OF TEXAS

══════════
No. 10-0548
══════════

RUSK STATE HOSPITAL, PETITIONER,

v.

DENNIS BLACK AND PAM BLACK, INDIVIDUALLY AND AS REPRESENTATIVES OF
THE ESTATE OF TRAVIS BONHAM BLACK, DECEASED, RESPONDENTS

══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS
══════════════════════════════════════════════

JUSTICE HECHT, concurring.

We recently wrote that "we, like the U.S. Supreme Court, have recognized that our sometimes intemperate use of the term 'jurisdictional' has caused problems."[1] All we decide in this case is whether an appellate court in an interlocutory appeal permitted by statute can decide an issue of governmental immunity from suit outside the scope of the appeal. The Court answers yes and wisely stops there.

Rusk State Hospital appealed from the trial court's denial of its motion to dismiss this health care liability claim for want of an adequate expert report required by the Medical Liability Act ("MLA"),[2] but also argued that its governmental immunity from suit has not been waived by the

---

[1] *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010) (footnote omitted).

[2] TEX. CIV. PRAC. & REM. CODE § 74.351.

Texas Tort Claims Act ("TTCA"),[3] an argument it did not make in the trial court. The statute permitting this interlocutory appeal from the denial of the Hospital's motion to dismiss does not extend to issues of immunity,[4] and the court of appeals, mindful that its jurisdiction over interlocutory appeals is limited to that provided by statute,[5] refused to consider the Hospital's TTCA argument, deciding only that the trial court erred in failing to dismiss some of the claims against the Hospital on its motion to dismiss under the MLA.[6] But immunity from suit implicates subject-matter jurisdiction, as the Court states, and thus "involves a court's power to hear a case",[7] which must be ascertained by every court in every case.[8] A statute authorizing an interlocutory appeal does not empower a court to decide issues in a case over which it lacks subject-matter jurisdiction.

For two reasons, I agree that immunity from suit "sufficiently partakes of the nature of a jurisdictional bar"[9] that it must be considered on interlocutory appeal, even if not raised in the trial court. One is that if immunity is ultimately established, the decision on the merits of the

---

[3] *Id*. §§ 101.021, 101.025.

[4] *Id*. § 51.014(a)(9) (providing that a person may appeal from an interlocutory order that "denies all or part of the relief sought by a motion under Section 74.351(b)").

[5] *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985) ("Unless there is a statute specifically authorizing an interlocutory appeal, the Texas appellate courts have jurisdiction only over final judgments.").

[6] ___ S.W.3d ___ (Tex. App.–Tyler 2010).

[7] *Tellez v. City of Socorro*, 226 S.W.3d 413, 413 (Tex. 2007) (per curiam) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

[8] *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004) ("[A] court is *obliged* to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." (emphasis in original)).

[9] *Edelman v. Jordan*, 415 U.S. 651, 678 (1974) (referring to Eleventh Amendment immunity).

2

interlocutory appeal will have been advisory at the time it was rendered and therefore outside the court of appeals' jurisdiction.[10] The other reason is practical: an interlocutory appeal is also permitted from a denial of immunity,[11] and it would conserve time and expense to decide the issue in one interlocutory appeal instead of two. Because an appellate court *can* decide an immunity issue beyond the scope of an interlocutory appeal, and there are reasons why it *should*, I agree with the Court that it *must* do so unless, as in this case, the record has not been sufficiently developed.

But the Court does not equate immunity to a lack of subject-matter jurisdiction. The similarities between the two led us to state in *Texas Department of Transportation v. Jones* that "the law in Texas has been that absent the state's consent to suit, a trial court lacks subject matter jurisdiction."[12] But the only issue in that case was whether immunity from suit can be asserted in a plea to the jurisdiction so that the government can immediately appeal an adverse ruling.[13] *Jones* cannot fairly be read to equate immunity from suit with a lack of subject-matter jurisdiction.

---

[10] *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) ("Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions.").

[11] TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (providing that a person may appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit"); *see Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex. 2007) ("Pleas to the jurisdiction asserting sovereign immunity are the subject of Section 51.014(a)(8).").

[12] 8 S.W.3d 636, 638 (Tex. 1999) (per curiam).

[13] 8 S.W.3d at 639. We have since held that a denial of immunity from suit can be immediately appealed regardless of the procedural vehicle used to raise the issue. *Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004).

There are important differences between immunity from suit and lack of subject-matter jurisdiction.[14] For one thing, the government can waive immunity from suit, either for broad classes of claims or on a case-by-case basis.[15] But it cannot waive subject-matter jurisdiction, for example, by consenting to suit on a claim beyond the court's jurisdiction. For another, while a court is obliged to examine its subject-matter jurisdiction on its own in every case, we have never suggested that a court should raise immunity on its own whenever the government is sued. This case is more typical: not only did the trial court not raise immunity, the government itself did not raise the issue and has no explanation why.

---

[14] *See Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 381 (Tex. 2006) ("[S]overeign immunity includes concerns about both subject matter and personal jurisdiction, but is identical to neither.") (Brister, J., concurring).

[15] TEX. CIV. PRAC. & REM. CODE §§ 107.001-.004; *see also Reata*, 197 S.W.3d at 378 (a city's decision to file suit for damages "encompassed a decision to leave its sphere of immunity from suit" for monetary claims against the city that are "germane to, connected with, and properly defensive to" the city's affirmative claims; the city was not immune to monetary claims against it to the extent those claims would offset the city's affirmative claims).

"'Jurisdiction,' it has been observed, 'is a word of many, too many, meanings.'"[16]  Not all of them have been, or can be, attributed to immunity from suit.  With that understanding, I join in the Court's opinion.

Nathan L. Hecht
Justice

OPINION DELIVERED: August 31, 2012

---

[16] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (quoting *United States v. Vanness*, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996)); *see also Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 516 n.1 (Tex. 2007) ("Of course, 'jurisdiction' has many meanings, and both courts and legislators often use it to mean something other than a court's power to adjudicate a case.  Both the United States Supreme Court and this Court have cautioned against assuming 'jurisdiction' means 'subject-matter jurisdiction' due to the stark consequences that accompany the latter term." (citations omitted)).