**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 23-4615**

———

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID HYUN CHANG, a/k/a Dave Cali,

Defendant - Appellant.

———

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  John A. Gibney, Jr., Senior District Judge; Lawrence Richard Leonard, Magistrate Judge.  (2:21-cr-00146-JAG-LRL-1)

———

Argued:  September 27, 2024                Decided:  November 20, 2024

———

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

———

Vacated and remanded by published opinion.  Judge Niemeyer wrote the opinion, in which Judge Rushing joined.  Judge Thacker wrote an opinion concurring in part and dissenting in part.

———

**ARGUED:**  Matthew B. Kaplan, THE KAPLAN LAW FIRM, Arlington, Virginia, for Appellant.  Alexandra Zoe Bedell, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:**  Jessica D. Aber, United States Attorney, Richmond, Virginia, Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

NIEMEYER, Circuit Judge:

After David Chang pleaded guilty to participation in a drug-trafficking conspiracy, the district court sentenced him to 72 months' imprisonment and four years' supervised release. The court found that Chang qualified for the safety valve under 18 U.S.C. § 3553(f) but applied that provision erroneously, and we vacated the sentence and remanded for resentencing. Following a lengthy and fulsome hearing on September 29, 2023, the district court resentenced Chang to 69 months' imprisonment and ten years' supervised release. Chang contends that the new sentence was harsher than his original sentence and therefore vindictive in violation of the Due Process Clause. *See North Carolina v. Pearce*, 395 U.S. 711, 725–26 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794 (1989); *United States v. Singletary*, 75 F.4th 416, 423–25 (4th Cir.), *cert. denied*, 144 S. Ct. 519 (2023).

While the circumstances of this case arguably fail to show a "reasonable likelihood of vindictiveness," *United States v. Goodwin*, 457 U.S. 368, 373 (1982), they are nonetheless insufficient to explain a harsher sentence. Therefore, we vacate Chang's sentence and remand again for resentencing.

I

From March to October 2021, David Chang participated in a drug-trafficking conspiracy through which he supplied large quantities of cocaine from California to Harold Campbell, a mid-level distributor in Virginia Beach, Virginia. After investigating the suspicious conduct of a mail carrier for the U.S. Postal Service, who helped distribute the

2

cocaine, the government uncovered Chang and Campbell's conduct and indicted them for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. A conviction for that offense required a mandatory minimum sentence of five years' imprisonment and four years' supervised release. *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(ii).

Campbell and Chang each pleaded guilty, and the district court sentenced Campbell in July 2022 to 72 months' imprisonment and four years' supervised release. When sentencing Chang some five months later, the court noted that, while both defendants were "scoundrels," Chang had cooperated with the government, although he gave the government "as little as possible" in his interviews. Nonetheless, the court found that Chang was entitled to the "safety valve" benefits under 18 U.S.C. § 3553(f), which requires a district court to sentence a qualifying defendant "*without regard* to any statutory minimum sentence." 18 U.S.C. § 3553(f) (emphasis added). But after the district court calculated the appropriate sentencing range under the Sentencing Guidelines, it stated that that range was "irrelevant because there is a mandatory minimum of five years" for the crime to which Chang pleaded guilty. After reviewing Chang's personal circumstances and allowing allocution, the court concluded that Chang's "culpability [was] at least equal with that of Mr. Campbell" and that it "needed to avoid disparities" with Campbell. Accordingly, it sentenced Chang to 72 months' imprisonment and four years' supervised release, the same sentence it had given to Campbell.

On appeal, we vacated Chang's sentence because the district court erroneously concluded that its sentencing was governed by the statutory minimum even though it had found Chang eligible for the benefits of the safety-valve provision.

3

On remand, the district court resentenced Chang on September 29, 2023, following a fulsome sentencing hearing, during which it engaged with counsel on the full range of circumstances relevant to sentencing. It recalculated Chang's Guidelines range to be 37 to 46 months' imprisonment and then heard arguments from counsel. During the various exchanges, the court emphasized Chang's senior role in a serious drug offense, observing that "this was a fairly substantial conspiracy with a whole lot of drugs." It also observed that Chang was raised in a good home and contributed positively to society for many years. He graduated from college, served in the U.S. Air Force, and was honorably discharged. The court stated, "Mr. Chang had a pretty nice life until he was in his mid-30s and something went haywire on him." It noted that, prior to participating in the drug conspiracy, he was convicted of driving while under the influence and became involved in illegal gambling, which led to a guilty plea for money laundering. Addressing Chang, the court summarized, "[F]or some reason, you really jump[ed] into criminal conduct with both feet in your mid-30s. I think that that indicates a degree of inexcusable seriousness that I don't see in a lot of other people."

The court then systematically weighed the sentencing factors listed in 18 U.S.C. § 3553(a). When it considered the need to avoid sentencing disparities, it recognized that Campbell had a more extensive criminal history than Chang but noted, "I don't think we look just at the prior criminal record. We look at the conduct, and the conduct here is that Mr. Chang was no small-time dealer. He was a major supplier." The court then imposed a sentence of 69 months' imprisonment and ten years' supervised release. With respect to the term of supervised release, the court explained to Chang, "I'm doing that because of

4

your leap into a criminal lifestyle. Your adoption of a criminal lifestyle just seems to be wholehearted."

Thus, at his original sentencing hearing, the court sentenced Chang to 72 months' imprisonment and four years' supervised released, and, at his resentencing hearing, it sentenced him to 69 months' imprisonment and ten years' supervised release.

Chang filed this appeal from the district court's judgment, contending mainly that the district court sentenced him more harshly on remand to punish him for successfully exercising his appellate rights, in violation of the Due Process Clause.

II

Chang's primary contention on appeal is that, following his successful appeal, he received a harsher sentence at resentencing, which, in the circumstances of this case, requires us to presume that the district court improperly punished him for exercising his appellate rights. *See Singletary*, 75 F.4th at 425. He concludes that "because the facts do not rebut this presumption, [his] new sentence . . . must again be set aside," as it violated the Due Process Clause of the Fifth Amendment.

The Due Process Clause does indeed prohibit a district court from imposing a harsher sentence on resentencing to punish a defendant for successfully exercising his appellate rights. *See Pearce*, 395 U.S. at 725. To protect against such violations, *Pearce* created a rebuttable presumption, stating:

> In order to assure the absence of such a [vindictive] motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning

5

identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

*Id.* at 726. Thus, "*Pearce* established a rebuttable presumption of vindictiveness whenever a judge imposes a more severe sentence upon a defendant after a successful appeal," and "to defeat this presumption, the district court must justify its increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings." *Singletary*, 75 F.4th at 424 (cleaned up).

Since *Pearce*, however, the Supreme Court has substantially tempered the rigidity of the *Pearce* presumption, noting that it is not so sweeping and mechanical a rule as to apply in every case "where a convicted defendant receives a higher sentence on retrial." *Smith*, 490 U.S. at 799 (quoting *Texas v. McCullough*, 475 U.S. 134, 138 (1986)). As the *Smith* Court explained, "the *Pearce* presumption was not designed to prevent the imposition of an increased sentence on retrial 'for some valid reason associated with the need for flexibility and discretion in the sentencing process,' but was 'premised on the apparent need to guard against *vindictiveness* in the resentencing process.'" *Id.* (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 25 (1973)). Thus, the *Smith* Court limited the *Pearce* presumption to circumstances where there was a "reasonable likelihood that the increase [was] the product of actual vindictiveness." *Id.* (cleaned up). We have thus recognized that when "the same judge, *in the same posture*," imposes a harsher sentence "following a successful appeal," the "presumption of vindictiveness applies *to any unexplained increase* in [the defendant's] sentence." *Singletary*, 75 F.4th at 425 (emphasis added) (citing *Smith*, 490 U.S. at 802).

6

There is a broad range of conduct, events, and circumstances that can justify a harsher sentence on remand without raising a suspicion that the district court's harsher sentence was motivated by vindictiveness.  Although the Supreme Court has stated that a district court "may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings," *Wasman v. United States*, 468 U.S. 559, 572 (1984), it has since clarified that that formulation was "never intended to describe exhaustively all of the possible circumstances in which a sentence increase could be justified," *McCullough*, 475 U.S. at 141.  Rather, the touchstone is whether the circumstances show that there was a "reasonable likelihood of vindictiveness." *Goodwin*, 457 U.S. at 373.  Any attempt to itemize exhaustively the non-vindictive considerations that might justify an increased sentence would inevitably omit some "objective information" that might indeed justify a harsher sentence. *McCullough*, 475 U.S. at 142 (quoting *Goodwin*, 457 U.S. at 374).  A court at a resentencing proceeding generally has broad discretion to resentence a defendant on a clean slate. *See Pepper v. United States*, 562 U.S. 476, 507 (2011).

In *Pepper*, for example, the Court held that the "law of the case" doctrine did not prevent a district court on remand from reconsidering the extent of an earlier departure from the Sentencing Guidelines, even though the prior sentence was vacated on an unrelated ground.  562 U.S. at 507.  In so holding, the Court confirmed that district courts possess discretion to "reconfigure the sentencing plan" when a prior sentence has been vacated. *Id.* (quoting *Greenlaw v. United States*, 554 U.S. 237, 253 (2008)).  The *Pepper* Court's instruction was clear.  When a sentence has been vacated and the case remanded

7

for resentencing, district courts are to resentence on a clean slate, imposing the punishment they think appropriate without undue hindrance from prior sentencing proceedings. *See id.* Against this general principle, we must recognize that the *Pearce* presumption, even though it demands an explanation for any harsher sentence after a successful appeal, must not be construed to unduly undermine a sentencing court's "flexibility and discretion in the sentencing process." *Chaffin*, 412 U.S. at 25.

While the Supreme Court has thus discouraged courts from rigidly applying *Pearce*, the Court has retained the principle at *Pearce*'s core that a harsher sentence imposed after a successful appeal cannot stand where there appears a "reasonable likelihood" of vindictiveness. *Goodwin*, 457 U.S. at 373. And that reasonable likelihood is established where there is an "unexplained increase" — *i.e.*, where "the same judge, in the *same posture*," imposes a harsher sentence "following a successful appeal." *Singletary*, 75 F.4th at 425 (emphasis added). Even then, however, the presumption may be rebutted if the district court identifies "objective information in the record justifying the increased sentence." *Goodwin*, 457 U.S. at 374.

Applying these principles to this case, we ask first whether Chang's second sentence was actually harsher than his first. Only if it was do we then ask whether the *Pearce* presumption of vindictiveness applies and whether the district court rebutted it. *See United States v. Ventura*, 864 F.3d 301, 310 (4th Cir. 2017) (citing *United States v. Kincaid*, 964 F.2d 325, 328 (4th Cir. 1992)).

At Chang's initial sentencing, the district court imposed a 72-month term of imprisonment and a four-year term of supervised release. At his resentencing, the court

imposed a 69-month term of imprisonment and a ten-year term of supervised release. Chang claims that even though he received a shorter term of incarceration, his second sentence was nonetheless harsher than his first because of the large increase in his term of supervised release.

To be sure, terms of incarceration and supervised release are not commensurate. While both serve as forms of punishment and curtail a defendant's liberty, they are "not interchangeable." *See Mont v. United States*, 587 U.S. 514, 524 (2019) (quoting *United States v. Johnson*, 529 U.S. 53, 59 (2000)). Incarceration clearly restricts a defendant's freedom to a greater extent than does supervised release. Thus, courts cannot weigh terms of incarceration and supervised release with any mathematical certainty. If a district court at resentencing imposes a longer term of supervised release but a shorter term of incarceration, the sentence might not be harsher for purposes of the *Pearce* presumption. For instance, if the court had reduced Chang's term of imprisonment from 72 months to 46 months — the top of his Guidelines range — and increased his term of supervised release from four years to six years, Chang might have preferred to serve that sentence. It is apparent that comparing terms of incarceration and supervised release likens clementines to kumquats and likely draws on subjective choice. But in this case, because the district court reduced Chang's term of incarceration by only three months and increased his term of supervised release by six years, we accept Chang's claim that his second sentence was indeed harsher than his first. The government does not dispute that conclusion, and we would expect that most, if not all, reasonable defendants would elect to serve an additional

9

three months' imprisonment to receive a reduction of six years from their term of supervised release.

Because Chang's second sentence was harsher than his first and he was sentenced "by the same judge, in the same posture, following a successful appeal, . . . a presumption of vindictiveness applies to any unexplained increase in his sentence." *Singletary*, 75 F.4th at 425. The more difficult question is whether the district court adequately explained its harsher sentence. The government notes that in between the two sentencings, the district court obtained documentation providing greater insight into the extent of Chang's alcohol and cocaine abuse. For example, Chang introduced medical records that described, among other medical conditions, his diagnosis with severe alcohol-use disorder.

But while these facts were presented in more detail at the resentencing, the district court generally took them into account during Chang's original sentencing. More importantly, the district court did not mention that additional information about Chang's medical condition when explaining its decision to increase Chang's term of supervised released from four years to ten years. To the contrary, the court at resentencing explained that increase for other reasons, stating, "I'm doing that because of [Chang's] leap into a criminal lifestyle. [His] adoption of a criminal lifestyle just seems to be wholehearted." Yet, the court considered that reason at Chang's original sentencing, and none of the facts relevant to that reason had changed so as to justify an increased sentence.

To be sure, the court's careful and fulsome analysis of Chang's personal circumstances and criminal record at resentencing might still suggest a good-faith readjustment of Chang's sentence, rather than one motivated by any sense of

10

vindictiveness. But the fact remains that there was no objective change in the case's posture or Chang's circumstances to justify the increased sentence, which supports Chang's claim of presumed vindictiveness. Because Chang was given a harsher sentence by the same judge, in the same posture, following a successful appeal," *Singletary*, 75 F.4th at 425, we conclude that *Pearce*'s presumption of vindictiveness arose and was not rebutted. In these circumstances, we vacate Chang's sentence and remand for resentencing.

## III

The government contends that Chang failed to preserve his claim of vindictive sentencing before the district court, and therefore we should review Chang's argument for plain error, a standard that the government claims Chang has not satisfied.

While Chang questions whether the plain-error standard applies, we have recognized, without deciding the question, that a consensus of persuasive authority holds that it does. *See Singletary*, 75 F.4th at 423 n.4 (first quoting *United States v. Vontsteen*, 950 F.2d 1086, 1090 (5th Cir. 1992) (en banc); then citing *United States v. Johnson*, 715 F.3d 179, 182 (6th Cir. 2013); and then citing *United States v. Baugham*, 613 F.3d 291, 294 (D.C. Cir. 2010) (per curiam)). And we can discern no good reason why that standard should not apply here. Upon hearing his harsher sentence, Chang could readily have objected, citing *Pearce*, and the district court would then have had the opportunity to address his objection and perhaps avoid this appeal. Because he failed to bring his objection to the court's attention, he must now satisfy the requirements for plain-error review on appeal.

But even applying the plain-error standard of review, we are satisfied that we should exercise our discretion to correct the error.

Federal Rule of Criminal Procedure 52(b) provides, "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." As used in the Rule, "plain error" means an error that is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). And the Rule requires that the error affect the defendant's substantial rights — *i.e.*, it must affect the outcome of the proceedings before the district court. *See id.* (quoting *Olano*, 507 U.S. at 734). Thus, under the plain-error standard, the defendant must show (1) an error that he did not "affirmatively waive" that (2) was "clear or obvious, rather than subject to reasonable dispute," and that (3) "affected the outcome of the district court proceedings." *Id.* (cleaned up). Even if the defendant makes that showing, he must still persuade the appellate court to exercise its discretion to correct the error, as the Rule makes the recognition and correction of plain error discretionary. *See* Fed. R. Crim. P. 52(b) (providing that "plain error . . . *may* be considered" (emphasis added)). We exercise that discretion to correct a plain error when "the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (cleaned up). Thus, satisfying the plain-error standard is obviously "difficult." *United States v. Covington*, 65 F.4th 726, 730–31 (4th Cir. 2023) (quoting *Greer v. United States*, 593 U.S. 503, 508 (2021)).

Applying the standard to this case, we recognize that imposing a harsher sentence on a defendant after his successful appeal without identifying intervening circumstances to

12

justify the increase violates the clearly established rule against vindictive sentencing under the Due Process Clause.  Thus, it amounted to "error" for purposes of Rule 52(b), as "error" involves some "deviation from a legal rule."  *Puckett*, 556 U.S. at 135 (cleaned up).  Moreover, the prohibition against vindictive sentencing has been clear since, at the latest, 1969.  *See Pearce*, 395 U.S. at 725.  Finally, the "error" in this case affected its outcome, as Chang received a harsher sentence than he otherwise might have.  Thus, we conclude that Chang has satisfied the three conditions necessary for application of the Rule.

Though the Rule gives us discretion to not correct the error, we are persuaded to do so here, as we believe that any sentencing proceeding that raises and fails to rebut *Pearce*'s presumption of vindictiveness undermines the fairness and integrity of the proceeding.  *See Olano*, 507 U.S. at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).  And to correct the error, we are vacating Chang's sentence and remanding for resentencing.

## IV

Because of our ruling, we need not address Chang's claim that his sentencing was procedurally and substantively unreasonable.  We also deny Chang's motion to remand this case to a different district judge.  The judge below conducted thorough and reasonable sentencing hearings, and we have found nothing in the court's comments or conduct that suggests judicial bias, partiality, or some other reason for disqualification.

VACATED AND REMANDED

13

THACKER, Circuit Judge, concurring in part and dissenting in part:

I concur in part, and dissent in part.

I concur in that part of the opinion that holds that under the circumstances of this case, the presumption of vindictiveness is unrebutted and that remand for re-sentencing is the appropriate remedy. However, I dissent from that part of the opinion that remands to the same district court judge for re-sentencing. I would respectfully remand to a different judge for re-sentencing. To conclude Appellant met the rebuttable presumption of vindictiveness, but then turn around and assign the re-sentencing on the basis of that presumed vindictiveness to the same district court judge defies logic.

The majority opinion quite clearly concludes, "Because Chang was given a harsher sentence by the same judge, in the same posture, following a successful appeal, *Singletary*, 75 F.4th at 425 . . . *Pearce*'s presumption of vindictiveness arose and was not rebutted." Ante at 11. And, pursuant to our precedent, "bias on the part of the sentencing judge," "requir[es] remand to a different judge." *United States v. Guglielmi*, 929 F.2d 1001, 1007 (4th Cir. 1991). Vindictiveness is akin to bias. It does not make sense to conclude that there is a presumption of judicial vindictiveness but then say "[t]he judge below conducted thorough and reasonable sentencing hearings, and we have found nothing in the court's comments or conduct that suggests judicial bias, partiality, or some other reason for disqualification." Ante at 13. In concluding that the presumption of vindictiveness is not rebutted, we did find a suggestion of judicial bias. That does not mean that I am saying the district court judge was actually vindictive or biased in this case. I am

14

simply saying that once the law presumes vindictiveness, then the law also requires remand to a different judge.

Beyond that, even absent a finding of presumptive bias, I am of the view that reassignment to a different judge on remand would preserve the appearance of judicial integrity. *See United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010) (Explaining that absent a claim of bias reassignment is appropriate in "unusual circumstances where both for the judge's sake and the appearance of justice an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality"); *United States v. North Carolina*, 180 F.3d 574, 582–83 (4th Cir. 1999) (same); *see also United States v. Galecki*, 932 F.3d 176, 195 (4th Cir. 2019).  "When we remand a case, we may reassign it to a different judge when 'the appearance of fairness and impartiality is best advanced by reassignment.'" *United States v. McCall*, 934 F.3d 380, 384 (2019) (quoting *United States v. Neal*, 101 F.3d 993, 1000 n.5 (4th Cir. 1996)).