## Salem

### EDGAR T. RAGOUZIS

v.

### ELIZABETH SANDERS RAGOUZIS

No. 0336-89-3

Decided May 8, 1990

COUNSEL

Richard H. Wall, for appellant.

Edwin C. Stone (Stone, Hamrick, Harrison & Turk, on brief), for appellee.

OPINION

**MOON, J.**—Edgar T. Ragouzis seeks reversal of a divorce decree upon the grounds (1) that the trial court lacked jurisdiction over him because the service on him, a non-resident, did not conform to Code § 8.01-328.1, the long arm statute, and (2) that the Circuit Court of Pulaski County lacked subject matter jurisdiction under Code § 20-96 because the case was transferred to it by a court without jurisdiction. We disagree. We hold that the long arm statute provides additional methods of service on a non-resident, not the exclusive methods of service, and did not supplant the previously authorized method of personal service provided by law. We also hold that the provisions of Code § 20-96 in effect at the time allowed a trial judge to transfer a divorce case from a court with potential jurisdiction to a court with actual jurisdiction.

While residing in Ohio, the parties separated and the wife filed a divorce action in Ohio on April 4, 1986. On the same day, she moved with her child to Pulaski County in Virginia. In September, 1988, she filed a bill of complaint for a divorce in the City of Radford, which she believed was her husband's place of residence because he was occupying an apartment there at the Tyler Motor Inn in Radford. The caption of the bill of complaint contained appellant's Radford address. The sheriff served appellant when he

answered the door at the Tyler Motor Inn apartment. Although appellant claims that he was not the person served by the sheriff, the sheriff testified that appellant was indeed the person whom he served. The trial court's finding that personal service of appellant was affected in Radford is supported by credible evidence and is binding on appeal.

■ Appellant argues that Code § 8.01-328.1, commonly known as "the long arm statute," is the exclusive statute covering all instances of *in personam* jurisdiction for non-resident defendants. Accordingly, appellant argues that he could only be served through the Secretary of the Commonwealth. That argument is without merit. Generally, personal service on a non-resident defendant found within this jurisdiction is valid and will support a personal judgment against him. *Bank of Bristol v. Ashworth*, 122 Va. 170, 174, 94 S.E. 469, 470 (1917); P. Boyd & W. Koontz, *Burks Pleading & Practice*, 76-77 (4th ed. 1952); 14B Michie's Jurisprudence *Process* § 25 (1988). The provisions of the long arm statute were clearly intended to facilitate service on non-resident defendants, not to make it more difficult to serve them. *See Peanut Corp. of America v. Hollywood Brands, Inc.*, 696 F.2d 311 (4th Cir. 1982).

The question of proper venue was raised in the Radford Circuit Court in January, 1989. It found that appellant routinely visited Radford to conduct business but that he retained his permanent residence and domicile in Ohio. Thus, the court found that he was not a resident of the City of Radford, but a resident of Ohio. Because appellant was a non-resident and the wife was a resident of Pulaski County, Virginia, under Code § 20-96(B), then in effect, venue was proper in Pulaski County. Pursuant to the provisions of Code § 20-96(C), the Radford Circuit Court transferred the case to the Pulaski County Circuit Court, which is in the same judicial circuit as the City of Radford. By decree of the Pulaski County Circuit Court, the wife was granted a divorce. Because no final judgment was rendered with regard to custody, visitation, spousal and child support, attorney's fees and costs, and distribution of property, those issues are not before us on appeal.

Appellant contends that, because venue in divorce suits is jurisdictional, the Radford Circuit Court did not have jurisdiction even to transfer the case to the Circuit Court of Pulaski County. Code § 20-96(B), then in effect, provided that a divorce action could be

brought where the parties last cohabited as husband and wife, in any county or city in which the defendant resides or, in the case of a non-resident, the county or city in which plaintiff resides. Appellant contends that, since the trial judge found that he was not a resident of Radford but was a resident of Ohio, the Radford court had neither the jurisdiction to hear the case nor to take any action thereon. We disagree that the Radford court could not transfer the case to the Circuit Court of Pulaski County.

■ All circuit courts within the Commonwealth, including the Radford County Circuit Court, have potential subject matter jurisdiction to try divorce cases. Before the amendment to Code § 20-96(B), there was no statutory authority for a circuit court to transfer a case to another circuit court. In 1987, however, the General Assembly provided in Code § 20-96(C) that "the court where any such action is commenced may upon motion of any party or on its own motion, and for good cause shown, transfer the action to any forum within the Commonwealth in which such action could have been brought." This provision was without limitation. It did not provide that the transferring court must have been a court having jurisdiction to determine the case.

■ We hold that the General Assembly intended that any circuit court where an action was filed could transfer the action to any forum in the Commonwealth where the divorce case could have been brought. If it had intended otherwise, it could have said so. See Temple v. City of Petersburg, 182 Va. 418, 29 S.E.2d 357 (1944). There is no public policy reason for requiring dismissal and refiling in another court of an action which was originally brought in an apparently proper forum, as was the City of Radford Circuit Court in this case. Here, the wife had good cause to believe that Radford was a proper forum. Not allowing transfer of the case to the court with jurisdiction would be putting a plaintiff through a costly and time consuming exercise for no good reason. We do not believe the General Assembly intended such a result. Rather, we believe it intended to facilitate, not hinder the commencement of litigation.

Accordingly, we hold that the Circuit Court of Radford had jurisdiction to transfer this case to the Circuit Court of Pulaski County which thereby acquired both personal jurisdiction over the appellant and jurisdiction under Code § 20-96 to hear and determine the divorce between the parties.

*Affirmed.*

Koontz, C.J., and Willis, J., concurred.