COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present: Chief Judge Felton, Judges Alston and McCullough
Argued at Alexandria, Virginia

KENT M. WILLIAMS

OPINION BY
v.      Record No. 0476-12-4      JUDGE ROSSIE D. ALSTON, JR.
NOVEMBER 27, 2012

KIMBERLY D. WILLIAMS

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Lorraine Nordlund, Judge

John L. Bauserman, Jr. (Pikrallidas & Associates, on brief), for
appellant.

No brief or argument for appellee.

Kent Williams (father) appeals an order dismissing his motion to modify child support

for lack of subject matter jurisdiction. On appeal, father argues that the trial judge of the Circuit

Court of Fairfax County (trial judge) erred by (1) relying upon Code § 20-79(c) and the Uniform

Interstate Family Support Act, Code §§ 20-88.32 to 20-88.82, as her basis for dismissing father's

motion for lack of subject matter jurisdiction, "instead of treating the issue in controversy as a

matter of venue only and not of subject matter jurisdiction"; and (2) finding the Circuit Court of

Fairfax County lacked subject matter jurisdiction to modify the final child support order of the

Circuit Court of Fauquier County although both parties resided within the Circuit Court of

Fairfax County's jurisdiction and neither had contested venue. In the alternative, father argues

that the trial judge erred in declining to transfer the case back to the Circuit Court of Fauquier

County instead of dismissing it.

For the reasons that follow, we affirm the judgment of the trial judge.

I.  BACKGROUND

Father and Kimberly D. Williams (mother) were married in 1988 and had two children, one born in 1993 and the other born in 1996.  On December 21, 1999, the Circuit Court of Fauquier County granted father and mother a divorce *a vinculo matrimonii*.  The final decree of divorce entered by the Circuit Court of Fauquier County incorporated a custody, visitation and child support order.  The order required father to pay child support to mother through the Division of Child Support Enforcement (DCSE).  There is nothing in the record that indicates that the Circuit Court of Fauquier County transferred the case to the Fauquier County Juvenile and Domestic Relations District Court or, for that matter, any other court for enforcement of the Circuit Court of Fauquier County's child support order.

Subsequently, DCSE and mother filed a rule to show cause against father in the Circuit Court of Fauquier County, alleging father had failed to pay his required child support.  Father and mother also both filed motions to modify child support before the Circuit Court of Fauquier County.  On June 14, 2002, the Circuit Court of Fauquier County found father in contempt of court for his failure to pay the full amount of child support due and modified and increased father's child support obligation from $1,536.33 to $1,566 per month, effective December 1, 2001.  The June 14, 2002 order did not transfer the case to a juvenile and domestic relations district court (JDR court) or any other court for enforcement of the order.

By 2006, both father and mother had moved to Fairfax County.  Mother was the sole custodian of the children.

Shortly before the parties' older child prepared to leave for college, mother sought to modify the child support agreement.  She filed a motion on May 16, 2011, in the Fauquier County JDR court to transfer venue to the Fairfax County JDR court, despite the fact that the

Circuit Court of Fauquier County had not transferred the case to the Fauquier County JDR court or any other court. In turn, father filed a motion to modify child support on June 30, 2011, in the Circuit Court of Fairfax County. His motion noted mother's motion in the Fauquier County JDR court, but he argued that the Fauquier County JDR court did not have jurisdiction and that the Circuit Court of Fairfax County was the "proper and preferred venue in which to hear this matter."

DCSE was not named as a party in father's motion to modify child support, but it filed a motion for leave to intervene in the Fairfax Circuit Court action and to dismiss father's motion on January 10, 2012. In support of its motion, DCSE filed a memorandum arguing that the Circuit Court of Fairfax County lacked jurisdiction in the case because the Circuit Court of Fauquier County retained jurisdiction. DCSE argued that "[t]he public policy reasons for the retention of jurisdiction by a court entering an order are the same as one of the fundamental principles underlying the adoption of the Uniform Interstate Family Support Act (UIFSA), Code §§ 20-88.32 [to 20-88.82]: to deter the entry of competing and conflicting orders of support in multiple jurisdictions," that Code § 20-79(c) prescribed the only manner by which a support case may be transferred, and that the Circuit Court of Fairfax County was not an appropriate transferee court under Code § 20-79(c).

The trial judge held a hearing on DCSE's motion on January 27, 2012. The trial judge declined to rule on DCSE's motion to intervene, but agreed to hear arguments on whether father's motion should be dismissed for lack of subject matter jurisdiction. All of the recognized parties to the Fairfax action agreed that the Circuit Court of Fauquier County had neither transferred the case nor relinquished jurisdiction to any other circuit or JDR court. Mother

- 3 -

adopted DCSE's arguments regarding the purported lack of subject matter jurisdiction in the Circuit Court of Fairfax County.

The trial judge first determined that the primary issue before her was one of subject matter jurisdiction that she could raise *sua sponte*. The trial judge held that the Circuit Court of Fairfax County did not have subject matter jurisdiction to hear father's motion. In so holding, the trial judge concluded that Code § 20-79(c) defines and limits the ability of a circuit court entering a final decree of divorce to transfer matters concerning the support and maintenance of a child or spouse and requires that such a transfer be to the JDR court in the same jurisdiction where the decree was entered or any JDR court within the Commonwealth that is a more appropriate forum. In making this determination, the trial judge also noted that the purpose of Code § 20-79(c) is to deter the issuance of competing and conflicting orders between jurisdictions as well as forum shopping between circuits after an unfavorable decision, "as there is no procedure to transfer directly from one circuit court to another for enforcement or modification of support matters upon the entry of a final decree."

The trial judge issued her written order on February 10, 2012, stating that the case was dismissed for "lack of jurisdiction" for the reasons set forth in DCSE's memorandum and adopted by mother. This appeal followed.

## II. ANALYSIS

On appeal, father alleges that the trial judge erred in dismissing this case for lack of subject matter jurisdiction because the parties resided in Fairfax County and venue was proper in the Circuit Court of Fairfax County and because the trial judge erroneously relied upon Code § 20-79(c) and UIFSA in support of her decision.

- 4 -

A.  Subject Matter Jurisdiction and Venue Distinguished

At the outset, we note that the issue in this case involves the question of *subject matter* jurisdiction, not *territorial* jurisdiction or venue.

"'Jurisdiction' is a word of many, too many meanings." United States v. Vanness, 85 F.3d 661, 663 n.2 (D.C. Cir 1996), quoted in Hitt Construction v. Pratt, 53 Va. App. 422, 425, 672 S.E.2d 904, 905 (2009).  In Morrison v. Bestler, 239 Va. 166, 387 S.E.2d 753 (1990), the Supreme Court of Virginia clarified the distinction between subject matter jurisdiction and territorial jurisdiction, also known as venue:

> The term jurisdiction embraces several concepts including subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is *in rem* seizure of a *res*; and "the other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree." Farant Investment Corp. v. Francis, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924).
> While these elements are necessary to enable a court to proceed to a valid judgment, there is a significant difference between subject matter jurisdiction and the other "jurisdictional" elements.  Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties. Lucas v. Biller, 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963).  A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment.  While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void. Barnes v. American Fert. Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925).  Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity. Ferry Co. v. Commonwealth, 196 Va. 428, 432, 83 S.E.2d 782, 784 (1954).

Morrison, 239 Va. at 169-70, 387 S.E.2d at 755-56.

Later, in Porter v. Commonwealth, 276 Va. 203, 661 S.E.2d 415 (2008), the Supreme Court of Virginia elucidated this passage from Morrison, stating that it

> reflects the long-standing distinction between subject matter jurisdiction, which cannot be granted or waived by the parties and the lack of which renders an act of the court void, and territorial jurisdiction or venue. The latter goes to the authority of the court to act in particular circumstances or places and is waived if not properly and timely raised.

Id. at 229, 661 S.E.2d at 427.

Father alleges that the trial judge erred in treating the issue in the instant case as one of subject matter jurisdiction rather than venue. Father argues that because circuit courts in the Commonwealth are courts of "general jurisdiction," all circuit courts have "the clear and undisputed, unambiguous subject matter jurisdiction to modify child support orders emanating from sister [c]ircuit [c]ourts in this Commonwealth."

Code § 20-96 provides, "The circuit court shall have jurisdiction of suits for annulling or affirming marriage and for divorces, and claims for separate maintenance, and such suits shall be heard by the judge as equitable claims." It is true, therefore, that "[a]ll circuit courts within the Commonwealth . . . have potential subject matter jurisdiction to try divorce cases." Ragouzis v. Ragouzis, 10 Va. App. 312, 315, 391 S.E.2d 607, 609 (1990).

However, in the instant matter, father was not seeking to try a divorce case in the Circuit Court of Fairfax County. Instead, father was seeking *modification* of a child support order entered as part of a divorce decree by the Circuit Court of Fauquier County. Modification of child support is governed by Code § 20-108, which provides:

> The court may, from time to time after decreeing as provided in [Code] § 20-107.2, on petition of either of the parents, or on its own motion or upon petition of any probation officer or the Department of Social Services, which petition shall set forth the reasons for the relief sought, revise and alter such decree

- 6 -

concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require.

We hold that Code § 20-108 confers subject matter jurisdiction to revise and alter a decree concerning the care, custody, and maintenance of children *on the particular circuit court that entered the original decree*. The use of the definite article "the" in the phrase "*the* court" in Code § 20-108 suggests that the legislature intended the specific circuit court that entered the original decree, and no other circuit court, retain subject matter jurisdiction to revise and alter that decree. See Grafmuller v. Commonwealth, 57 Va. App. 58, 65, 698 S.E.2d 276, 280 (2010) ("The word 'the' is used grammatically in the statute as a definite article—a word that, when used before a noun, specifies or particularizes the meaning of the noun that follows, as opposed to the indefinite article 'a.'" (citing Am. Bus Ass'n v. Slater, 231 F.3d 1, 4-5 (D.C. Cir. 2000))). In addition, Code § 20-108 states that the court may revise or alter the decree "from time to time after decreeing as provided in [Code] § 20-107.2." Thus, a circuit court that did not enter the original decree could not revise it under Code § 20-108 because it did not first "decree[] as provided in Code § 20-107.2." Therefore, the language of Code § 20-108 shows that it establishes subject matter jurisdiction to modify child support in the circuit court that issued the original decree.

Furthermore, Virginia jurisprudence has consistently held that the circuit court that entered the divorce retains "continuing jurisdiction" to change or modify its decree concerning the custody and maintenance of minor children. See, e.g., Featherstone v. Brooks, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979) (superseded by statute on other grounds); Johnson v. Johnson, 26 Va. App. 135, 145, 493 S.E.2d 668, 672 (1997); Orlandi v. Orlandi, 23 Va. App. 21, 26, 473 S.E.2d 716, 718 (1996); Watkinson v. Henley, 13 Va. App. 151, 157, 409 S.E.2d 470, 473

- 7 -

(1991); Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986); see also Taylor v. Taylor, 203 Va. 1, 121 S.E.2d 753 (1961) (stating that "[t]he trial court remains open to the parties to show that changed conditions require change of provisions with respect to custody, maintenance and alimony").

Moreover,

> "[t]he general rule supported by the greater weight of authority seems to be that jurisdiction acquired by a court in divorce proceedings over the subject of the custody and maintenance of the child or children of the parties to the divorce suit is not only continuing *but is also exclusive*, and precludes any other court in the same state or sovereignty from thereafter acquiring or exercising jurisdiction over the same subject, and that all proceedings relating to the maintenance and custody of such child or children of the divorced parents must thereafter be brought in the same court in which the original decree affecting that subject was rendered."

Williams v. Woolfolk, 188 Va. 312, 316, 49 S.E.2d 270, 271-72 (1948) (emphasis added) (quoting 17 Am. Jur. § 677.4 (Supp. 1947)).

Finally, the policy rationale underlying the continuing and exclusive grant of subject matter jurisdiction to the court that entered the divorce decree is well established. "A contrary holding could result in conflict of jurisdiction, be productive of confusion and subversive of orderly procedure." Id. at 319, 49 S.E.2d at 273. A contrary holding could also encourage litigants to engage in impermissible forum shopping, seeking a more favorable result in a different circuit court from the one that entered the divorce decree.

Because Code § 20-108 confers subject matter jurisdiction upon the circuit court that entered the original decree in cases involving alteration or modification of a decree concerning the care, custody, and maintenance of children, we hold that the trial judge did not err in treating the issue in the instant case as one of subject matter jurisdiction, not venue.

B. Subject Matter Jurisdiction in the Instant Case

Father alleges that the trial judge erred in finding a lack of subject matter jurisdiction to modify the final child support order of the Circuit Court of Fauquier County although both parties resided within the Circuit Court of Fairfax County's jurisdiction and neither had contested venue.[1]  We find no error in the trial judge's holding that the Circuit Court of Fairfax County lacked subject matter jurisdiction in the instant case.

"The jurisdiction of a court to provide for child support pursuant to a divorce is purely statutory."  Cutshaw v. Cutshaw, 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979) (citing Jackson v. Jackson, 211 Va. 718, 719, 180 S.E.2d 500, 500 (1971)).  "[A]n issue of statutory interpretation is a pure question of law which we review de novo."  Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citing Crawford v. Haddock, 270 Va. 524, 528, 621 S.E.2d 127, 129 (2005); Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003)).

As noted above, we hold that Code § 20-108 confers subject matter jurisdiction to alter and revise decrees regarding the care, custody, and maintenance of children on the circuit court that entered the original divorce decree.  Here, the Circuit Court of Fauquier County entered a final decree of divorce in the instant case incorporating the parties' agreement on child support.  The Circuit Court of Fauquier County also entered an order on June 14, 2002, modifying and increasing father's child support obligations.  The Circuit Court of Fauquier County never transferred the case to any JDR court or any other court, and the case remained active in the Circuit Court of Fauquier County, as evidenced by its June 14, 2002 order.  As a result, under

_____

[1] Again, for the sake of clarity, we reaffirm as noted above the longstanding distinction in Virginia law between venue and subject matter jurisdiction.  Because we have already decided that the issue in the instant case is one of subject matter jurisdiction, we will say no more regarding father's arguments concerning venue.

Code § 20-108, it was the Circuit Court of Fauquier County that retained continuing and exclusive subject matter jurisdiction over the alteration or modification of the custody and maintenance of the minor children at issue in this case. Therefore, the trial judge did not err in holding that the Circuit Court of Fairfax County lacked subject matter jurisdiction in the case at bar.

Father claims error in the trial judge's reliance on Code § 20-79(c) in support of her reasoning for her holding. The DCSE memorandum, which the trial judge adopted in her order dismissing for lack of subject matter jurisdiction, stated that under Code § 20-79(c), a support case must be transferred to an appropriate JDR court and that the Circuit Court of Fairfax County "would not, under any circumstances, be an appropriate transferee forum." Father argues that because Code § 20-79(c) does not explicitly limit "the general jurisdiction of another [c]ircuit [c]ourt of the Commonwealth from re-opening the case of its sister circuit [c]ourt and modifying or enforcing child support orders," Code § 20-79(c) is irrelevant to the instant case and the trial judge should not have relied upon it. We disagree.

First, we find nothing in Virginia law that authorizes one circuit court, under its "general jurisdiction," to modify and enforce child support orders from another circuit court. As stated above, subject matter jurisdiction over modification of a decree concerning the care, custody, and maintenance of children is controlled by Code § 20-108.

Second, the trial judge did not err in holding that Code § 20-79(c) does not authorize the transfer of an order pertaining to support and maintenance for the spouse, maintenance, support, care and custody of the child or children from one circuit court to another. Code § 20-79(c) provides:

> In any suit for divorce or suit for maintenance and support, the
> court may after a hearing, pendente lite, or in any decree of divorce

a mensa et thoro, decree of divorce a vinculo matrimonii, final decree for maintenance and support, or subsequent decree in such suit, transfer to the juvenile and domestic relations district court the enforcement of its orders pertaining to support and maintenance for the spouse, maintenance, support, care and custody of the child or children. After the entry of a decree of divorce a vinculo matrimonii the court may transfer to the juvenile and domestic relations district court any other matters pertaining to support and maintenance for the spouse, maintenance, support, care and custody of the child or children on motion by either party, and may so transfer such matters before the entry of such decree on motion joined in by both parties. In the transfer of any matters referred to herein, the court may, upon the motion of any party, or on its own motion, and for good cause shown, transfer any matters covered by said decree or decrees to any juvenile and domestic relations district court within the Commonwealth that constitutes a more appropriate forum. An appeal of an order by such juvenile and domestic relations district court which is to enforce or modify the decree in the divorce suit shall be as provided in [Code] § 16.1-296.

Therefore, Code § 20-79(c) authorizes a circuit court to transfer an order pertaining to maintenance, support, care and custody of children after a decree of divorce to a JDR court. The statute is silent regarding transfers to another circuit court in the Commonwealth.[2]

"Courts cannot 'add language to the statute the General Assembly has not seen fit to include.'" Jackson v. Fid. & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005) (quoting Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003)). "The

_____

[2] Code § 16.1-296(J) does provide:

[i]n any case which has been referred or transferred from a circuit court to a juvenile court and an appeal is taken from an order or judgment of the juvenile court, the appeal shall be taken to the circuit court in the same locality as the juvenile court to which the case had been referred or transferred.

Thus, in an appropriate case, the circuit court that entered the divorce decree may transfer the case to any JDR court within the Commonwealth and an appeal from that JDR court will be taken to the circuit court in the same locality as the JDR court.

maxim *expressio unius est exclusio alterius* applies when mention of a specific item in a statute implies that omitted items were not intended to be included." Virginian-Pilot Media Cos. v. Dow Jones & Co., 280 Va. 464, 468-69, 698 S.E.2d 900, 902 (2010) (citing Turner v. Wexler, 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992)).  By stating the specific court to which a circuit court may transfer the enforcement of its orders regarding child maintenance, support, care and custody – i.e., to the JDR court – Code § 20-79(c) necessarily excludes transfers to other courts. Therefore, the trial judge did not err in finding that the Circuit Court of Fairfax County would not be an appropriate transferee forum under Code § 20-79(c) and in relying upon Code § 20-79(c) as part of its rationale for holding it lacked subject matter jurisdiction in the instant case.[3]

Father also argues that the trial judge erred in relying upon UIFSA in holding that the Circuit Court of Fairfax County lacked subject matter jurisdiction, because the parties and their children all reside in Virginia, rendering UIFSA inapplicable in the instant case.  The DCSE memorandum adopted by the trial judge in her order dismissing this case for lack of subject matter jurisdiction stated:  "The public policy reasons for the retention of jurisdiction by a court entering an order are the same as one of the fundamental principles underlying the adoption of [UIFSA]:  to deter the entry of competing and conflicting orders of support in multiple jurisdictions."[4]

---

[3] In any event, the Circuit Court of Fauquier County never transferred the instant case to any other court, let alone the Circuit Court of Fairfax County.  As a result, even if Code § 20-79(c) allowed such a transfer, which it does not, no such transfer occurred in this case.

[4] Indeed, UIFSA itself provides for the exercise of "continuing, exclusive jurisdiction" of the "tribunal of the Commonwealth that has issued a child support order" to "modify its child support order."  Code § 20-88.39(A).  We note also that this Court has interpreted this provision as a grant of subject matter jurisdiction.  Nordstrom v. Nordstrom, 50 Va. App. 257, 266, 649 S.E.2d 200, 204 (2007).

In adopting this language in its order, the trial judge was not applying the actual provisions of UIFSA to the instant case. Rather, the trial judge was drawing on the policy rationale underlying UIFSA and finding the same policy rationale applicable in the case at bar. The policy rationale underlying UIFSA and cited by the learned trial judge is consistent with the policy considerations already recognized under Virginia law. See Woolfolk, 188 Va. at 319, 49 S.E.2d at 273. Therefore, the trial judge did not err in referencing these policy implications in reaching her decision.

For these reasons, we hold that the trial judge did not err in holding that the Circuit Court of Fairfax County lacked subject matter jurisdiction in the instant case.

## C. Transfer

Finally, father argues that even if the trial judge did not err in holding that the Circuit Court of Fairfax County lacked subject matter jurisdiction, the remedy was to transfer the case to the appropriate tribunal, not to dismiss the case.

Although transfer may be appropriate in cases where venue is improper, see Code § 8.01-265,[5] where a court lacks subject matter jurisdiction, the case must be *dismissed*. W. Union Tel. Co. v. Pettyjohn, 88 Va. 296, 298, 13 S.E. 431, 432 (1891). Therefore, neither Code § 8.01-265 nor Code § 20-88.49 required the trial judge to transfer this case, rather than dismiss it.

---

[5] We note that Code § 8.01-265 is inapplicable to the instant case. By its plain language, Code § 8.01-265 allows the transfer by a court "wherein an action is commenced" to "any fair and convenient forum having jurisdiction within the Commonwealth." The action in the case at bar was not "commenced" in the Circuit Court of Fairfax County; rather, father sought to modify an order entered in a prior action commenced in the Circuit Court of Fauquier County.

## III. CONCLUSION

For these reasons, we hold that the trial judge did not err in finding that the Circuit Court of Fairfax County lacked subject matter jurisdiction and therefore dismissing the case.

<u>Affirmed.</u>