## CIRCUIT COURT OF THE CITY OF NORFOLK

Joseph W. Cunningham

v.

Lori P. Cunningham

January 24, 2013

Case No. (Civil) CL12-7733

By Judge Everett A. Martin, Jr.

The parties were divorced by a final decree of the Circuit Court of the City of Chesapeake (the "Chesapeake Circuit Court") of June 14, 2010, which included provisions requiring the petitioner to pay spousal support and child support. Pursuant to Code of Virginia § 20-79(c), the final decree provided "future matters pertaining to . . . child support and spousal support be, and the same are hereby, transferred to the Norfolk Juvenile and Domestic Relations District Court" (the "Norfolk J&DR Court").

On July 20, 2011, the petitioner filed motions in the Norfolk J&DR Court to reduce his spousal support and child support obligations. (A105711-01-01, A105711-01-02.) On January 10, 2012, the respondent filed a motion in the Norfolk J&DR Court to increase the petitioner's already significant spousal support obligation. (A105711-01-03.)

The litigation in the Norfolk J&DR Court was protracted and contentious. During the pendency of the cause there, the parties filed motions to compel, in *limine*, for attorney's fees, and to dismiss. It seems the Norfolk J&DR Court heard evidence and argument on several days. The files this Court has received exceed 1400 pages.

It also seems some difficulties in scheduling and, perhaps, other matters arose in the Norfolk J&DR Court, because, on October 16, 2012, the parties filed a "Joint Motion to Transfer." The motion recited the parties were divorced by the Chesapeake Circuit Court, and it erroneously stated the final decree "assigned jurisdiction of other matters to the Norfolk Circuit Court" since all concerned reside in Norfolk. The motion went to on recite in pertinent part:

4. Since that time, the parties have begun vigorous litigation and believe it would be in the parties' best interests to conclude the matter in Norfolk Circuit Court.

5. The Circuit Court has concurrent jurisdiction with the Juvenile and Domestic Relations Court regarding the matters set forth above. . . .

7. The parties have now agreed to transfer all matters pending in the Juvenile Court and both the Petitioner's and Respondent's Motions for Attorney's Fees and Costs to the Norfolk Circuit Court, preserving for themselves [certain dates for purposes of retroactivity of any amendment of the support order].

Wherefore, the Petitioner moves the Court for an Order to: (1) transfer jurisdiction of all pending matters of the parties before the Norfolk Juvenile and Domestic Relations Court to the Norfolk Circuit Court; (2) allow the parties to preserve for themselves [certain dates for purposes of retroactivity of any amendment of the support order].

That same day, the Norfolk J&DR Court entered two orders. The first, a handwritten one, provided: "Final orders entered. All matters dismissed in N. JDR Ct. All matters may be heard in N. Cir. Ct. on transfer or appeal for trial *de novo*." This order indicates the parties were not present. The second, a typed one styled "Joint Order to Transfer," prepared by counsel, provides in pertinent part:

Came the Parties, by counsel, upon the Joint Motion to Transfer.

It appearing that the parties are in agreement and it appearing proper to do so, it is hereby:

adjudged, ordered, and decreed that:

(1) the Norfolk Circuit Court shall assume jurisdiction over the pending matters of the parties in the Juvenile and Domestic Relations Court for the City of Norfolk; and

(2) The parties right to argue for retroactive application of any award(s) regarding changes in spousal support and child support effective from [certain dates] is granted.

Counsel filed notices of appeal on October 23 and 25.

It is apparent from the motion and the orders of October 16 that the Norfolk J&DR Court did not rule on the merits of the original motions before it, but, rather, ratified the wish of counsel to have those motions heard in this Court.

A court may always *sua sponte* question its jurisdiction over a matter before it. *Jones v. Anderson*, 34 Va. (7 Leigh) 308, 314 (1836).

Upon the *entry* of the parties' final decree of divorce, two courts had concurrent jurisdiction over motions to amend the support awarded, the Chesapeake Circuit Court and the Norfolk J&DR Court. Va. Code §§ 20-79(c), 20-108, 20-109(A); *Crabtree v. Crabtree*, 17 Va. App. 81, 435 S.E.2d 8831 (1993).

Contrary to what is asserted in the "Joint Motion to Transfer," this Court does not have concurrent jurisdiction to amend the support ordered in the final decree of divorce. Va. Code § 20-107.3(L), which does not apply here, is the only authority the Court is aware of that allows a circuit court granting a divorce to transfer subject matter jurisdiction over post-divorce disputes to another circuit court. The parties could not have filed motions in this Court to modify support. *Williams v. Williams*, 61 Va. App. 170, 734 S.E.2d 186 (2012). In their "Joint Motion to Transfer," the parties attempted to confer subject matter jurisdiction on this Court. This they may not do. *Lucas v. Biller*, 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963).

Va. Code § 16.1-245 allows the Norfolk J&DR Court to transfer a case to this Court if this Court has exclusive jurisdiction. This Court does not have exclusive jurisdiction; it has only appellate jurisdiction over a final order of the Norfolk J&DR Court. Va. Code § 16.1-296(A), (J).

The Court understands that counsel may wish to save their clients the expense, inconvenience, and anxiety of trying a case in a Juvenile and Domestic Relations District Court, and then trying it again *de novo* in a circuit court. Counsel may be able to devise a solution to this problem, but the solution is not to "transfer" a case from the lower court to a circuit court *pendente lite*. There is no statutory authority for such a transfer, and the Constitution of Virginia and the statutes enacted pursuant to it are the sources of this Court's subject matter jurisdiction. *Morrison v. Bestler*, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990).

It remains to be determined whether this Court may transfer or remand the motions to another court or whether it must dismiss them. The Court recognizes the retroactivity dates are of importance to the parties. Va. Code § 16.1-245 allows this Court to transfer a case to the Norfolk J&DR Court if that court has exclusive jurisdiction. As stated above, that court does not have exclusive jurisdiction. Va. Code § 16.1-297 allows this Court to remand a matter to the Norfolk J&DR Court "upon the rendition of final judgment upon an appeal. . . ." *Calfee v. Calfee*, 29 Va. App. 88, 509 S.E.2d 552 (1999). The motions are not before this Court upon an appeal, and this order is not a final judgment as it does not dispose of the whole subject or give all the relief contemplated. *Daniels v. Truck Equip. Corp.*, 205 Va. 579, 139 S.E.2d 31 (1964). Nor does Va. Code § 20-79(c) apply, as this Court is not now making an order pertaining to support. It might be thought Va.

Code § 20-88.49 authorizes a transfer, but it appears the Court of Appeals has construed it as a venue statute. *Williams*, 61 Va. App. at 184, 734 S.E.2d at 193.

The Court not being aware of any authority to transfer or remand these motions to the Chesapeake Circuit Court or the Norfolk J&DR Court, it is hereby ordered that the pending motions be dismissed without prejudice for want of jurisdiction. *Western Union Tel. Co. v. Pettyjohn*, 88 Va. 296, 298, 13 S.E 431, 432 (1891). Endorsements are waived pursuant to Rule 1:13.