COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Frucci
Argued at Norfolk, Virginia

DEMEATRIC EUGENE BLOW

MEMORANDUM OPINION[*] BY
v.       Record No. 0332-24-1       JUDGE STEVEN C. FRUCCI
APRIL 1, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
David W. Lannetti, Judge[1]

J. Barry McCracken, Assistant Public Defender, for appellant.

Kelly L. Sturman, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Based on a conditional guilty plea, Demeatric Eugene Blow was convicted of one count of

possession with the intent to distribute more than one-half ounce but less than five pounds of

marijuana, one count of possession with the intent to distribute more than five pounds of marijuana,

and one count of possession of a firearm by a convicted felon and was sentenced to 11 years and 3

months of incarceration, with 8 years suspended.[2]  On appeal, Blow challenges the circuit court's

denial of his motion to suppress the evidence obtained pursuant to a search warrant, arguing that the

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Judge Lannetti accepted the plea agreement between the Commonwealth and Blow and sentenced Blow.  Judge Everett A. Martin, Jr. presided over and ruled on the motion to suppress that is at issue in this appeal.

[2] Blow was also charged with one count of conspiring with another to distribute more than one-half ounce but less than five pounds of marijuana, two counts of possessing with the intent to distribute a Schedule I or II controlled substance, one count of conspiring with another to distribute more than five pounds of marijuana, and one count of possession of a firearm while simultaneously possessing a Schedule I or II controlled substance.  Those charges were nolle prossed as part of the plea agreement between the Commonwealth and Blow.

officers executing the warrant failed to comply with Code § 19.2-56(B) by not providing Blow with a copy of the search warrant and its supporting affidavit. For the following reasons, we affirm the circuit court's denial of the motion to suppress.

BACKGROUND[3]

In February 2023, Investigator Mondi of the Norfolk City Police Department submitted an affidavit for a search warrant for a clothing store located at 2807 East Virginia Beach Boulevard, Suite C, Norfolk, Virginia. As a result, a magistrate issued the requested search warrant, and on March 2, 2023, Investigator Dow and other officers went to the store to execute the warrant.

When the officers arrived at the store, they found that it had a rear door and a front door that opened towards the public and was locked. Using a loudspeaker system, the police officers ordered all people within the building to exit. Following, Blow exited the store and was detained. Blow was then identified as an employee of the store and the only person who had been inside the building at the time the police officers had arrived. Dow then read the search warrant and affidavit to Blow, but since Blow was not the owner of the store and did not live there, Dow did not hand a copy of the search warrant or the affidavit directly to Blow. Afterwards, Dow left a copy in the front part of the store and a search of the store was initiated. As a result of the search, large quantities of marijuana, firearms, and other items were found in the building. Blow was then arrested and ultimately charged, in part, with possessing with the intent to distribute more than one-half ounce but less than five pounds of marijuana, possessing

---

[3] On appeal from the denial of a motion to suppress evidence, we recite and "review[] the evidence in the light most favorable to the Commonwealth, as the prevailing party below." *Bagley v. Commonwealth*, 73 Va. App. 1, 8 n.1 (2021). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

with the intent to distribute more than five pounds of marijuana, and possessing a firearm by a convicted felon.[4]

In November 2023, Blow moved to suppress the evidence obtained during the execution of the search warrant, arguing that (1) the requirement of providing a copy of the warrant and its supporting affidavit, along with the exclusion remedy for failing to comply, contained in Code § 19.2-56(B) applies to all search warrants regardless of the premises and (2) the officers did not comply with the code section because they did not provide Blow with a copy of the warrant and its supporting affidavit. While the circuit court agreed with Blow that the requirement at issue in Code § 19.2-56(B) was not limited to warrants for "place[s] of abode," it found that Blow "was not an 'occupant' of the store after the police entered and secured it" and "that under the circumstances of this case, leaving copies of the warrant and affidavit in the store satisfies [Code § 19.2-56(B)]." As a result, the circuit court denied his motion. Following, Blow entered a conditional plea of guilty to possessing with the intent to distribute more than one-half ounce but less than five pounds of marijuana, possessing with the intent to distribute more than five pounds of marijuana, and possessing a firearm by a convicted felon that preserved his right to appeal the denial of the motion to suppress. This appeal follows.

ANALYSIS

"On review of the [circuit] court's denial of a motion to suppress, an 'appellant bears the burden of establishing that reversible error occurred.'" *Moreno v. Commonwealth*, 73 Va. App. 267, 274 (2021) (quoting *Williams v. Commonwealth*, 71 Va. App. 462, 474 (2020)). We "examine[] the [circuit] court's application of the law *de novo*." *Bagley v. Commonwealth*, 73 Va. App. 1, 13 (2021). "However, we defer to the [circuit] court's 'findings of historical fact,' taking care to review them 'only for clear error and to give due weight to inferences drawn from

---

[4] Blow was previously convicted of a felony in 2016.

those facts by resident judges and local law enforcement officers.'" *Id.* (quoting *Malbrough v. Commonwealth*, 275 Va. 163, 169 (2008)). Furthermore, "[w]e review issues of statutory interpretation de novo." *Taylor v. Commonwealth*, 77 Va. App. 149, 162 (2023). "This same *de novo* standard of review applies to determining the proper definition of a particular word in a statute." *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 537 (2015)).

As stated in Code § 19.2-56(B)[5]:

> No law-enforcement officer shall seek, execute, or participate in the execution of a no-knock search warrant. *A search warrant for any place of abode authorized under this section* shall require that a law-enforcement officer be recognizable and identifiable as a uniformed law-enforcement officer and provide audible notice of his authority and purpose reasonably designed to be heard by the occupants of such place to be searched prior to the execution of such search warrant.
>
> After entering and securing the place to be searched and prior to undertaking any search or seizure *pursuant to the search warrant*, the executing law-enforcement officer shall give a copy of *the search warrant and affidavit* to the person to be searched or the owner of the place to be searched or, if the owner is not present, to at least one adult occupant of the place to be searched. If the place to be searched is unoccupied by an adult, the executing law-enforcement officer shall leave a copy of the search warrant and affidavit in a conspicuous place within or affixed to the place to be searched.
>
> *Search warrants authorized under this section for the search of any place of abode* shall be executed by initial entry of the abode only in the daytime hours between 8:00 a.m. and 5:00 p.m. unless (i) a judge or a magistrate, if a judge is not available, authorizes the execution of such search warrant at another time for good cause shown by particularized facts in an affidavit or (ii) prior to the issuance of *the search warrant,* law-enforcement officers lawfully entered and secured the place to be searched and remained at such place continuously.
>
> A law-enforcement officer shall make reasonable efforts to locate a judge before seeking authorization to *execute the warrant* at

[5] Since the underlying facts of this case occurred, there have been amendments made to Code § 19.2-56; however, this is the language currently in force and that was in force at all times relevant to this case.

- 4 -

another time, unless circumstances require the issuance of the warrant after 5:00 p.m., pursuant to the provisions of this subsection, in which case the law-enforcement officer may seek such authorization from a magistrate without first making reasonable efforts to locate a judge. Such reasonable efforts shall be documented in an affidavit and submitted to a magistrate when seeking such authorization.

Any evidence obtained from a search warrant executed in violation of this subsection shall not be admitted into evidence for the Commonwealth in any prosecution.

(Emphases added).

Blow contends the circuit court was correct in finding Code § 19.2-56(B) did not apply solely to search warrants of places of abode, but he argues the circuit court erred in finding that he was not an "occupant" of the place to be searched. The Commonwealth disagrees with him in both regards, arguing that the circuit court should be affirmed under the "right result for a different reason" doctrine because Code § 19.2-56(B) is limited to search warrants of places of abode and does not apply to the facts at issue.[6] In determining whether Code § 19.2-56(B) is limited to search warrants of places of abode, we "apply the plain meaning of the language appearing in the statute unless it is ambiguous or applying the plain language leads to an absurd result." *Commonwealth v. Amos*, 287 Va. 301, 305-06 (2014). Furthermore, in interpreting a statute, "we examine a statute in its entirety, rather than by isolating particular words or phrases." *Schwartz v. Commonwealth*, 45 Va. App. 407, 450 (2005) (quoting *Cummings v. Fulghum*, 261 Va. 73, 77 (2001)). "When interpreting and applying a statute, [courts] assume that the General Assembly

---

[6] Under the "right result for the wrong reason" doctrine, "the appellee [is] free to defend his judgment on any ground properly raised below whether or not that ground was relied upon, rejected, or even considered by the [trial court] or the Court of Appeals." *Spinner v. Commonwealth*, 297 Va. 384, 391 (2019) (alterations in original) (quoting *Perry v. Commonwealth*, 280 Va. 572, 581 (2010)). "We do not hesitate, in a proper case, where the correct conclusion has been reached but the wrong [or a different] reason given, to sustain the result and assign the right ground." *Taylor v. Northam*, 300 Va. 230, 251 (2021) (alteration in original) (quoting *Banks v. Commonwealth*, 280 Va. 612, 617 (2010)).

chose, with care, the words it used in enacting the statute." *City of Richmond v. Va. Elec. & Power Co.*, 292 Va. 70, 75 (2016) (alteration in original) (quoting *Kiser v. A.W. Chesterton Co.*, 285 Va. 12, 19 n.2 (2013)).

In examining Code § 19.2-56(B) in its entirety, it can be determined that the subsection bans no-knock search warrants and provides additional requirements for the execution of search warrants of places of abode. Throughout the first and third paragraphs of Code § 19.2-56(B), by the intentional use of the words "place of abode," it is clear that the requirements that follow are specific to executing search warrants for "the search of any place of abode." Code § 19.2-56(B). While the term "place of abode" does not appear in the second and fourth paragraphs, the paragraphs speak to executing "the search warrant." *Id.* "The word 'the' is used grammatically in the statute as a definite article—a word that, when used before a noun, specifies or particularizes the meaning of the noun that follows, as opposed to the indefinite article 'a.'" *Grafmuller v. Commonwealth*, 57 Va. App. 58, 65 (2010). *See Williams v. Williams*, 61 Va. App. 170, 178 (2012). As such, by discussing "*the* search warrant" rather than "*a* search warrant," it is clear that the General Assembly is referring to a specific search warrant and that the paragraphs of Code § 19.2-56(B) relate and should be read together. *See also Blake v. Commonwealth*, 288 Va. 375, 383 (2014) (discussing how if there were any inconsistency or ambiguity when multiple sections of a statute are read together, then the court is "required to harmonize any ambiguity or inconsistency . . . to give effect to the General Assembly's intent without usurping '[its] right to write statutes'" (quoting *Parker v. Warren*, 273 Va. 20, 24 (2007))). Therefore, in analyzing the subsection in its entirety rather than in isolated sections, it is clear that "the" warrant in the second and fourth paragraphs is the search warrant for any place of abode. As the subsection is limited to search warrants of places of abode, it would not apply to the search of

the clothing store in this case.[7]  Therefore, while the circuit court was incorrect in its determination that the subsection was not limited to search warrants of places of abode, we will nonetheless affirm the circuit court's ruling denying the motion to suppress under the "right result for the wrong reason" doctrine.

CONCLUSION

For these reasons, we affirm the circuit court's denial of Blow's motion to suppress.

*Affirmed.*

---

[7] Courts have routinely held that individuals have a higher expectation of privacy in their homes.  *See, e.g.*, *Hill v. Commonwealth*, 47 Va. App. 442, 449 (2006) (detailing how an individual's expectation of privacy in commercial premises is different and less than that in an individual's home).  As the Supreme Court of the United States said in *Kyllo v. United States*, 533 U.S. 27, 31 (2001), "[a]t the very core of the Fourth Amendment stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion."  "It is a well-established principle, therefore, 'that the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed."'"  *Robertson v. Commonwealth*, 49 Va. App. 787, 792 (2007) (quoting *Welsh v. Wisconsin*, 466 U.S. 740, 748 (1984)).  This concern is reflected in the General Assembly adding additional procedural requirements for executing search warrants in places of abode.  *See, e.g.*, Code § 32.1-320.1.