PRESENT: All the Justices

COMMONWEALTH OF VIRGINIA

v. Record No. 250586

TRINA MATTOCKS, ET AL.

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
February 19, 2026

UPON A PETITION UNDER CODE §§ 8.01-626 AND 8.01-670.2

A group of employees of the Department of Corrections filed an action against the

Commonwealth and the Department of Corrections, seeking compensation. The action relied on

a statute that allows employees to recover for unpaid overtime. Of note, when originally

enacted, this statute contained a waiver of sovereign immunity. When the General Assembly

comprehensively overhauled the statute shortly after its enactment, it repealed the waiver of

sovereign immunity. The present action was filed after the General Assembly repealed the

original waiver of sovereign immunity. In response to the complaint, the Commonwealth filed a

plea of sovereign immunity. The circuit court denied the plea, and the Commonwealth filed an

interlocutory appeal to this Court. For the reasons noted below, we reverse the judgment of the

circuit court.

BACKGROUND

In 2021, the General Assembly enacted a statute granting employees, individually or

collectively, the right to seek compensation for an employer's failure to pay overtime. 2021 Acts

ch. 445 (Spec. Sess. I) (the "Act."). The plaintiffs refer to this statute as the Virginia Overtime

Wage Act. Initially, the Act's definition of "person" included "the Commonwealth, any of its

constitutional officers, agencies, institutions, or political subdivisions, or any public body." *Id.*

Furthermore, the Act specifically provided that the definition of "person" in the Act "constitutes

a waiver of sovereign immunity by the Commonwealth." *Id.* The law went into effect on July 1, 2021.

A little over one year after the original Act was passed, the General Assembly amended and reenacted the Act. The revisions were extensive. Among many other changes, the General Assembly deleted the language waiving sovereign immunity. 2022 Acts ch. 461. The revised statute went into effect on July 1, 2022. The current version of the Act is codified at Code § 40.1-29 *et seq*.

On August 22, 2024—more than two years after the revised statute had gone into effect—the plaintiffs, who are employees of the Department of Corrections, filed a complaint (later amended), seeking relief for alleged unpaid overtime. The complaint named the Commonwealth and the Department of Corrections as defendants.[1] The plaintiffs alleged that the Act entitles them to compensation for certain actions that the Department of Corrections required them to take and for which they have not been compensated. The employees claimed they were due overtime pay for a period that occurred between July 1, 2021, and June 30, 2022, i.e., before the complete revision of the original Act.

In response to the complaint, the Commonwealth filed a plea in bar asserting that the action was barred by sovereign immunity. The circuit court denied the plea. The circuit court viewed the issue through the lens of retroactivity, concluding that the amended version of the statute did not apply because the action was based on events that took place during the time sovereign immunity was waived. The Commonwealth petitioned this Court for an interlocutory appeal under Code §§ 8.01-626 and 8.01-670.2, which we granted.

---

[1] For the sake of simplicity, we will refer to both defendants collectively as "the Commonwealth."

2

ANALYSIS

"'The existence of sovereign immunity is a question of law that is reviewed de novo.'"

*Lee v. City of Norfolk*, 281 Va. 423, 439 (2011) (quoting *City of Chesapeake v. Cunningham*, 268 Va. 624, 633 (2004)).

The Commonwealth contends that the employees' action is barred by sovereign immunity. It posits that (1) sovereign immunity is an aspect of a court's subject matter jurisdiction; (2) that jurisdiction is determined at the time a suit is filed; and (3) therefore, since this suit was filed at a time when the waiver of sovereign immunity had been repealed, sovereign immunity bars the suit. For their part, the plaintiffs argue that the amended statute without the sovereign immunity waiver should not be retroactively applied to past conduct that occurred while the earlier Act's waiver was in effect.

"Virginia, like all other jurisdictions, has always benefitted from the doctrine of sovereign immunity." Kent Sinclair, 1 Virginia Civil Procedure § 2.29 (2026); *see also Board of Public Works v. Gannt*, 76 Va. 455, 461 (1882) ("It is an established principle of sovereignty, in all civilized nations, that a sovereign State cannot be sued in its own courts . . . without its consent and permission."). We have described sovereign immunity in terms of a court's subject matter jurisdiction. *Afzall v. Commonwealth*, 273 Va. 226, 230 (2007) ("[I]f sovereign immunity applies, the court is without subject matter jurisdiction to adjudicate the claim.").[2] We take advantage of this opportunity to clarify the scope of sovereign immunity as a component of subject matter jurisdiction.

---

[2] A number of other courts have likewise characterized sovereign immunity as an issue of subject matter jurisdiction. *See Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015); *Iowa Tribe v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010); *State v. Fed. Defender Program, Inc.*, 882 S.E.2d 257, 281 (Ga. 2022); *Burke v. Bd. of Trs. of the Neb. State Colls.*, 924 N.W.2d 304, 310 (Neb. 2019); *Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 530 (Tex. 2012).

"Subject matter jurisdiction defines a court's 'power to adjudicate a case.'" *Hannah v. Commonwealth*, 303 Va. 106, 123 (2024) (quoting *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018)). When we use the term "subject matter jurisdiction," we typically mean "a [tribunal]'s power to adjudicate a class of cases or controversies[.]" *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019). For example, general district courts have subject matter jurisdiction to hear certain disputes when the amount at issue does not exceed $50,000. Code § 16.1-77(1). Or, for example, this Court has exclusive jurisdiction to hear appeals from decisions of the State Corporation Commission. Va. Const. art. IX, § 4. These are classes of cases that particular courts are empowered by law to adjudicate. Sovereign immunity, when it applies, deals with the sovereign's immunity from suit.

There are similarities between sovereign immunity and a court's power to adjudicate a class of cases. Both can be raised for the first time on appeal. *Afzall*, 273 Va. at 230 (holding that sovereign immunity can be raised for the first time on appeal); *Andrews v. Richmond Redev. & Hous. Auth.*, 292 Va. 79, 84 (2016) (holding that a court could consider for the first time on appeal a challenge asserting that the circuit court lacked statutory jurisdiction to hear an appeal from a particular type of decision issued by a hearing officer). In addition, a court must dismiss a case when sovereign immunity applies or when a court lacks the power to adjudicate a class of cases. *See, e.g.*, *Williams v. Williams*, 61 Va. App. 170, 184 (2012) ("[W]here a court lacks subject matter jurisdiction, the case must be dismissed."); *Afzall*, 273 Va. at 234 ("Since sovereign immunity applies in this case, the trial court was without jurisdiction to adjudicate [the] claim. Therefore, we will dismiss the appeal and enter final judgment in favor of the Commonwealth.").

There are significant differences, however, between the way in which courts apply sovereign immunity and the way in which courts review their authority to adjudicate a class of cases. We have repeatedly characterized sovereign immunity as an affirmative defense. *Patterson v. City of Danville*, 301 Va. 181, 196 n.8 (2022); *see also Lewis v. Kei*, 281 Va. 715, 721 n.1 (2011); *Heider v. Clemons*, 241 Va. 143, 144 (1991). Moreover, where factual issues arise, "[t]he party advancing the sovereign immunity plea bears the burden of proving those issues of fact." *Gambrell v. City of Norfolk*, 267 Va. 353, 357 (2004). In addition, we have never suggested that a judgment that has become final can be set aside on the basis that sovereign immunity would have barred the suit, even though the issue was not raised at trial. In contrast, we have stated that if a court lacked statutory or constitutional authority to adjudicate a particular type of case, the judgment can be subject to collateral attack. *Bonanno v. Quinn*, 299 Va. 722, 736-38 (2021).

It is fair to say that sovereign immunity, as well as a court's authority to adjudicate a particular class of cases, are distinct, but conceptually related, facets of subject matter jurisdiction. It nevertheless remains true that sovereign immunity is a part of a court's subject matter jurisdiction. If sovereign immunity applies, the court does not have jurisdiction to hear the case. Subject matter jurisdiction "is determined at the time the litigation is filed and, once established, remains until the termination of the litigation." *E.C. v. Virginia Dep't of Juv. Just.*, 283 Va. 522, 527-28 (2012). At the time the action was filed, the General Assembly had repealed the waiver of sovereign immunity contained in the original Act. "In the absence of a legislative waiver of immunity, the circuit court was without jurisdiction to adjudicate [the plaintiff's] claim . . . . The circuit court should have granted the . . . special plea of sovereign

5

immunity. The court had no jurisdiction to decide the case on any other basis." *Seabolt v. County of Albemarle*, 283 Va. 717, 722 (2012) (citing *Afzall*, 273 Va. at 230).

The circuit court believed this case turned on principles of retroactivity. As a general proposition, it is true that we view with disfavor the retroactive application of a statute, and we look for a clear signal from the legislature that a statute is to be applied retroactively. *See, e.g.*, *Doe v. Green*, 304 Va. 536, 546 (2025) ("It has long been the law of the Commonwealth that retroactive application of statutes is disfavored and that 'statutes are to be construed to operate prospectively only unless a contrary intention is manifest and plain.'") (quoting *City of Charlottesville v. Payne*, 299 Va. 515, 528 (2021) and *Town of Culpeper v. Virginia Elec. & Power Co.*, 215 Va. 189, 194 (1974)). There is a difference, however, between the question of subject matter jurisdiction, which is determined at the time the litigation is filed, and the question of whether a new statute, or modifications to a statute, are to be applied retroactively. Here, we are dealing with a question of subject matter jurisdiction.

Finally, we emphasize the central role the legislature plays in handling questions of sovereign immunity. "[O]nly the legislature acting in its policy-making capacity can abrogate the Commonwealth's sovereign immunity." *Commonwealth v. Luzik*, 259 Va. 198, 206 (2000). The General Assembly has the power to retain sovereign immunity, waive sovereign immunity, or repeal the waiver of sovereign immunity, as it deems appropriate. In this instance, the General Assembly repealed the waiver of sovereign immunity. That repeal went into effect on July 1, 2022. This action was filed after that date. Consequently, looking to the law in effect at the time the suit was filed, sovereign immunity barred the suit. The circuit court erred in holding otherwise.

6

CONCLUSION

For the reasons noted above, we will reverse the judgment of the Circuit Court for the

City of Richmond and enter final judgment for the Commonwealth.

*Reversed and final judgment.*